In the Matter of THOMAS SLIWINSKI, Respondent, v ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of SHERYL SLIWINSKI, Respondent. PATRICIA SLIWINSKI, Appellant. [600 NYS2d 401] —Order unanimously reversed on the law without costs and custody granted to respondent in accordance with the following Memorandum: The best interests of the child Sheryl require that her custody be granted to respondent mother. The parties were married on December 3, 1977. Two children were born of the marriage, Sheryl on March 26, 1979 and Thomas on March 17, 1981. Respondent separated from petitioner father early in 1982 because petitioner became abusive and threatening to her and to the children. On March 19, 1982, when the children were residing with respondent, petitioner took the children for visitation for the day and returned Thomas but drove away with Sheryl. Later, he telephoned respondent and said that he was keeping Sheryl and respondent was never going to see Sheryl again. When petitioner registered Sheryl in school in Cheektowaga, New York, in December 1984, he listed Sheryl's mother as de-

ceased. Respondent's efforts to locate petitioner and Sheryl were unsuccessful until they were found in Buffalo, New York, on December 19, 1985. Family Court granted custody of Sheryl to petitioner with visitation rights to respondent.

In December 1985, petitioner commenced a divorce action in Supreme Court, Erie County, and on June 8, 1988, the parties entered into a stipulation in open court. The stipulation provided that petitioner would have custody of Sheryl, respondent would have visitation rights, and petitioner would not remove the child's residence from the Eighth Judicial District of New York State without the written consent of respondent or without a court order based on 30-days' written notice to respondent.

On November 25, 1988, respondent received a letter from petitioner dated October 27, 1988 stating that 30 days from October 27, 1988 he was going to remove Sheryl from New York to Miles City, Montana. In spite of diligent efforts, respondent was unable to locate petitioner and Sheryl. A warrant was issued for petitioner and he was finally found in Salt Lake City in June 1990, where he was arrested. From November 1988 until June 1990, petitioner and Sheryl resided in North Carolina, South Carolina, Montana, Colorado, Wyoming, Tennessee and Utah, having resided in Salt Lake City since March 1989.

As a result of a hearing held in this proceeding, Family Court granted custody to petitioner. The court's decision was based primarily upon the desire of Sheryl, whom the court interviewed in camera, to live with her father. Although Sheryl desires to live with her father, she said that she likes her mother and, during the six months before the hearing when her mother had temporary custody of Sheryl, Sheryl was adapting to her life with her mother. She was getting along well with her mother and her brother and had developed a close relationship with her half brother. The report of the Erie County Department of Mental Health shows that Sheryl is a "very resilient girl." She is bright and had excellent grades in school during her stay with her mother. Respondent's three-bedroom home was well maintained and would be a suitable home for Sheryl. Petitioner was residing in a three-bedroom home with his new wife and eight children. The children and Sheryl were well cared for by petitioner and his new wife.

Petitioner has made every effort to keep Sheryl away from her mother and her brother. The best interests of Sheryl

require that she maintain contact with her mother and brother *(see, Bliss v Ach,* 56 NY2d 995, 998; *Eschbach v Eschbach,* 56 NY2d 167, 173) and there is every indication that she will not be permitted to do so unless custody is granted to the mother. Petitioner may seek visitation rights, if appropriate, from Family Court. (Appeal from Order of Erie County Family Court, Honan, J.—Custody.) Present—Pine, J. P., Fallon, Boomer, Davis and Boehm, JJ.