■ In the Matter of BETH DORDELL, Appellant, v JEFF DORDELL et al., Respondents. [651 NYS2d 258] —Mercure, J. Appeal from an order of the Family Court of Broome County (Ray, J.), entered September 20, 1995, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, for custody of Lacey Dordell and Corey Dordell.

Petitioner and respondent Jeff Dordell (hereinafter respondent), the parents of two children, Lacey, born in 1986, and Corey, born in 1988, were divorced in 1992. Although the judgment of divorce referred "all issues with respect to child support, custody and visitation" to Family Court, neither sought any order in that regard and petitioner retained physical custody of the children through the informal agreement of the parties. In 1993, however, on an adjudication that petitioner had neglected the children, respondent Broome County Department of Social Services (hereinafter DSS) removed the children from petitioner's custody and thereafter placed them with respondent in Arizona, where they have resided since September 1993. In March 1995, petitioner filed the instant petition, by its terms seeking a modification of the existing custody order so as to have the children returned to her for a period of six months "under extended custody of [DSS]", at the conclusion of which the children can "decide where they should live". Following a

hearing, at which respondent did not appear,* Family Court dismissed the petition. Petitioner appeals.

We affirm. Even if we overlook the patent defects in the petition and consider the merits of petitioner's application, we agree with Family Court's determination to dismiss the petition on the basis of petitioner's failure to present a prima facie case. Fundamentally, the primary consideration in a child custody dispute is the best interest of the children, an inquiry that requires a weighing of the relative fitness of the parents (*see, Eschbach v Eschbach*, 56 NY2d 167; *Friederwitzer v Friederwitzer*, 55 NY2d 89; *Matter of Clark v Williams*, 229 AD2d 686, 687-688). In addition, the alteration of an established custody arrangement will be ordered only upon a sufficient showing that a change in custody will substantially enhance the children's welfare, and if the custodial parent is not shown to be less fit to continue in that role, the existing arrangement will be continued (*see, Matter of Williams v Williams*, 188 AD2d 906, 907; *Matter of Van Hoesen v Van Hoesen*, 186 AD2d 903; *Matter of Clary v Bond*, 186 AD2d 869). In making its determination, Family Court is to consider and weigh a number of factors, including the quality of the respective home environments, the length of time the present custody arrangement has been in place and each parent's past performance, relative fitness and ability to provide for and guide the children's intellectual and emotional development (*see, Matter of Williams v Williams, supra*, at 907).

Viewed in the light of the governing standard, petitioner's evidentiary showing is found to be woefully inadequate. Petitioner came forward with no competent evidence concerning the children's circumstances in Arizona, the manner in which respondent was caring for them or his fitness as a parent, and there is nothing to suggest that the children are not in a secure and stable environment with a good and loving parent. As for petitioner, the evidence adduced at the hearing permitted nothing more than a finding that she is a more fit custodian than she was in 1993 when the children were taken from her as a result of her demonstrated neglect. Nonetheless, she continues to demonstrate serious deficiencies. Petitioner has a criminal record relating to drugs and welfare fraud and at the time of the hearing remained on probation. In addition, she suffers from an array of physical and mental problems including depression, seizures, memory problems, confusion

---

* There is some question as to whether petitioner ever obtained personal jurisdiction over respondent, an issue that we need not reach and that cannot be resolved on this record in any event.

and migraine headaches. She has also been diagnosed as suffering from dystimia (poor feelings about oneself, with sleeping and eating problems) and dissociative disorder, with panic attacks, flashbacks, stress and reluctance to leave her home.

Petitioner's remaining contentions have not been preserved for our consideration or have been found lacking in merit.

Cardona, P. J., White, Casey and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.