■ In the Matter of DANIEL STOESSER, Respondent, v STACY DUNHAM, Appellant. [689 NYS2d 276] —Crew III, J. Appeal from an order of the Family Court of Delaware County (Estes, J.), entered December 5, 1997, which, *inter alia*, granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, to modify a prior order of custody and visitation.

Insofar as is relevant to this appeal, petitioner and respondent are the parents of two children—Derik (born in 1987) and Danielle (born in 1989). The parties separated in 1990 and, in May 1993, respondent was awarded custody of the minor children with liberal visitation to petitioner. This arrangement apparently proceeded without incident until on or about January 21, 1997, when respondent left the children with her boyfriend, Kenneth Funk, while she sought counseling in Dutchess County, approximately two hours away from her then home in Schoharie County. According to respondent, she advised the children of her plans and informed them that she would return either that evening or the following day. When respondent did not return as planned, Funk investigated and discovered that respondent, who by then was staying with Funk's father in Dutchess County, had had a brief affair with Funk's brother while out of town. Funk then left the children with respondent's mother and traveled to Dutchess County to confront respondent. A few days later, respondent's mother arranged for the children to stay with another relative. Petitioner ultimately became aware of what had transpired and, approximately five or six days after respondent had left town, obtained physical custody of the children. By this time, the children had missed five days of school and had gone through four caregivers.

As a result of this incident, petitioner commenced the instant proceeding on or about January 27, 1997 seeking sole custody of the children. Thereafter, by order entered March 10, 1997, petitioner was granted temporary custody of the minor children and, by order entered August 19, 1997, the parties stipulated that respondent would have visitation with the children each Saturday. In the interim, in May 1997, respondent answered and cross-petitioned for sole custody. The matter proceeded to a hearing in November 1997, at the conclusion of which Family Court, *inter alia*, granted petitioner's application and awarded petitioner sole custody of the children. This appeal by respondent ensued.

We affirm. It is well settled that modification of an existing custody situation should be permitted "only where it is established that it will substantially enhance the child's welfare and the custodial parent is shown to be unfit or less fit to continue as the proper custodian" (*Matter of Buhrmeister v McFarland*, 235 AD2d 846, 847; *see, Matter of Daniels v Guntert*, 243 AD2d 891). Based upon our review of the record as a whole, we are persuaded that this standard has been met here.

Although respondent apparently acted as an effective parent to the children prior to her somewhat precipitous departure

from their lives in January 1997, her ensuing conduct—leaving her children with one man while pursuing a brief affair with another, failing to return to her children at the appointed time, allowing several days to pass without speaking with her children and, upon her eventual return, failing to fully exercise her visitation rights—certainly calls into question her fitness to serve as custodial parent. In our view such conduct, coupled with respondent's admitted short-term memory problems and other mental health issues, justifies Family Court's decision to award custody to petitioner (*see, e.g., Matter of Dordell v Dordell*, 234 AD2d 868, 869-870). To the extent that respondent has highlighted certain deficiencies in petitioner's character and/or parenting skills, such deficiencies must be balanced against the stability, guidance and home environment that petitioner can offer. In short, although petitioner may not be a model parent, we cannot say that Family Court erred in concluding that it was in the children's best interest to grant his application for a change in custody. ·

Mikoll, J. P., Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, without costs.