CHARLES T. WEIMER, Respondent, v MONECA WEIMER, Appellant. (Appeal No. 2.) [722 NYS2d 328] —Order unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: The parties, who have one child together, were divorced in May 1996. The judgment of divorce incorporated but did not merge their separation agreement, executed in January 1995. In April 1999 Moneca Weimer (mother) moved, *inter alia*, to vacate or modify the judgment of divorce (appeal No. 2). She alleged, *inter alia*, that the separation agreement is unfair and unconscionable, and was procured by fraud and overreaching, and that the child support provisions are not in compliance with the Child Support Standards Act (CSSA) (Domestic Relations Law § 240 [1-b]). In May 1999 the mother commenced a plenary action against Charles T. Weimer (father) wherein she made the same allegations (appeal No. 1).

The mother's allegations that the separation agreement is unfair, unconscionable, and the product of fraud and overreaching are not substantiated by proof sufficient to justify setting aside the separation agreement (*see, Christian v Christian*, 42 NY2d 63, 71-73). In any event, the mother ratified the separation agreement by complying with its provisions and failing to object to it for more than four years (*see, Skotnicki v Skotnicki*, 237 AD2d 974, 975). Furthermore, the mother waited three years before moving to vacate the judgment of divorce on the ground of fraud pursuant to CPLR 5015 (a) (3) and thus that part of her motion based on fraud is untimely (*see, City of Albany Indus. Dev. Agency v Garg*, 250 AD2d 991, 993).

We agree with the mother, however, that the child support provisions of both the separation agreement and that part of the judgment of divorce incorporating those provisions fail to satisfy the requirements of Domestic Relations Law § 240 (1-b) (h) (*see, Brown v Powell*, 278 AD2d 846; *Zenz v Zenz*, 260 AD2d 474). We therefore modify the order in appeal No. 2 by vacating that part of the judgment of divorce incorporating the child support provisions of the separation agreement, and we remit the matter to Supreme Court to determine the father's child support obligation in accordance with the CSSA (*see, Zenz v*

*Zenz, supra*). Given our determination, we do not reach the remaining issues. (Appeal from Order of Supreme Court, Cattaraugus County, Cosgrove, J.—Vacate Judgment.) Present— Pine, J. P., Wisner, Hurlbutt, Scudder and Kehoe, JJ.