In the Matter of SHERE L., Respondent, v ODELL H., Appellant. [756 NYS2d 824] —Appeal from an order of Family Court, Genesee County (Adams, J.), entered June 14, 2001, which granted petitioner's motion to dismiss respondent's motion to vacate an order of filiation.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Respondent appeals from an order granting petitioner's motion to dismiss respondent's motion to vacate an order of filiation. Petitioner commenced this paternity proceeding in June 1998 pursuant to Family Ct Act article 5 when her child was seven years old. An order of filiation was granted on consent of respondent in August 1998, and respondent moved to vacate the order less than one year later. We reject respondent's contention that Family Court lacked subject matter jurisdiction over the paternity petition based on the doctrine of res judicata. This was the first and, indeed, the only proceeding commenced to establish paternity for the child, and

thus that doctrine does not apply (*see generally People v Evans*, 94 NY2d 499, 502 [2000], *rearg denied* 96 NY2d 755 [2001]). Further, respondent waived any contention that petitioner is collaterally estopped from asserting that he is the child's father because of her denial, during an earlier family offense proceeding, that respondent is the child's father (*see Matter of Hall*, 275 AD2d 979 [2000]). Finally, respondent failed to meet his burden of establishing the existence of fraud, misrepresentation or other misconduct of an adverse party sufficient to entitle him to vacatur of the order pursuant to CPLR 5015 (a) (3) (*see Matter of Jennifer W. v Steven X.*, 268 AD2d 800, 801 [2000]; *Matter of Commissioner of Social Servs. of Tompkins County [Barbara A.] v Gregory B.*, 211 AD2d 956, 957-958 [1995]). Present—Pigott, Jr., P.J., Green, Pine, Gorski and Hayes, JJ.