In the Matter of CHELSEA DI FIORE, Appellant, v ERIC SCOTT, Respondent. [770 NYS2d 248]—

Appeal from an order of Family Court, Monroe County (Gordon, Referee), entered May 13, 2002, which granted respondent's motion and dismissed the petition and amended petition for a change in custody.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Family Court properly granted respondent's motion and dismissed the petition and amended petition for a change in custody without conducting a hearing (*see Matter of Brehm v Uhrich*, 283 AD2d 981 [2001]; *Matter of Jones v Stone*, 267 AD2d 1054 [1999]). A party seeking a change in an established custody arrangement must show "a change in circumstances which reflects a real need for change to ensure the best interest of the child" (*Matter of Irwin v Neyland*, 213 AD2d 773, 773 [1995]; *see Pudlewski v Pudlewski*, 309 AD2d 1296 [2003]; *Matter of Daniels v Daniels*, 309 AD2d 1174 [2003]; *Matter of Zito v Pfohl*, 302 AD2d 918 [2003]; *Matter of Dordell v Dordell*, 234 AD2d 868, 869 [1996]). "An existing custodial arrangement should not be changed 'merely because of changes in marital status, economic circumstances or improvements in moral or psychological adjustment, at least so long as the custodial parent has not been shown to be unfit, or perhaps less fit, to continue as the proper custodian' (*Obey v Degling*, 37 NY2d 768, 770; *see, Fox v Fox*, 177 AD2d 209, 211)" (*Matter of Atkins v Maynard*, 288 AD2d 878, 879 [2001], *lv denied* 97 NY2d 609 [2002]). "A hearing is not automatically required whenever a parent seeks modification of a custody order (*see, David W. v Julia W.*, 158 AD2d 1, 6-7)" (*Matter of Wurmlinger v Freer*, 256 AD2d 1069, 1069 [1998]; *see Matter of Jackson v Gangi*, 277 AD2d 383, 384 [2000]). The petitioner must " 'make a sufficient

evidentiary showing of a change in circumstances' to require a hearing on the issue whether the existing custody order should be modified (*Matter of Reese v Jones,* 279 AD2d 939, 940; *see Matter of Darla N. v Christine N.* [appeal No. 2], 289 AD2d 1012, 1012)" (*Matter of Wood v Marshall,* 296 AD2d 859, 860 [2002], *lv dismissed in part and denied in part* 98 NY2d 755 [2002]). Petitioner failed to make a sufficient showing in this case.

The court further properly denied petitioner's cross motion to vacate the prior default order of custody, which petitioner asserted had been obtained by "fraud, misrepresentation, or other misconduct of" respondent (CPLR 5015 [a] [3]). Petitioner's claim of extrinsic fraud was not made in a reasonably timely manner (*see Richardson v Richardson,* 309 AD2d 795 [2003]; *Weimer v Weimer,* 281 AD2d 989 [2001]; *Miller v Lanzisera,* 273 AD2d 866, 868 [2000], *appeal dismissed* 95 NY2d 887 [2000], *rearg denied* 96 NY2d 731 [2001]; *City of Albany Indus. Dev. Agency v Garg,* 250 AD2d 991, 993 [1998]). Moreover, given petitioner's failure to raise the allegations of fraud in the course of earlier proceedings before the court, and in light of petitioner's representations to the Law Guardian and to the court in this matter to the effect that respondent had assumed custody of the child with petitioner's consent, petitioner would not be entitled to vacatur of the prior custody order in any event (*see Matter of Shere L. v Odell H.,* 303 AD2d 1023, 1024 [2003]; *see also Bergen v Bergen,* 299 AD2d 308, 309 [2002]). Present— Pigott, Jr., P.J., Green, Pine, Hurlbutt and Kehoe, JJ.