■ In the Matter of MAURICE PERRY, JR., Respondent, v JAMIE L. KORMAN, Appellant. SUSAN B. MARRIS, Law Guardian, Appellant. [880 NYS2d 815]—

Appeals from an order of the Family Court, Oneida County (Brian M. Miga, J.H.O.), entered August 8, 2008 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, transferred primary physical custody of the parties' child to petitioner.

It is hereby ordered that the order so appealed from is unanimously reversed in the exercise of discretion without costs, the petition is denied, and the matter is remitted to Family Court, Oneida County, for further proceedings in accordance with the memorandum, and

It is further ordered that all proceedings to enforce the order of this Court are stayed pending the conclusion of the school year.

Memorandum: Respondent mother appeals from an order transferring physical custody of the parties' nine-year-old daughter to petitioner father. The parties have had joint custody of the child with primary physical custody with the mother since August 2000 pursuant to an order entered upon the consent of the parties. " 'It is well established that alteration of an established custody arrangement will be ordered only upon a showing of a change in circumstances which reflects a real need for change to ensure the best interests of the child' " (*Matter of Amy L.M. v Kevin M.M.*, 31 AD3d 1224, 1225 [2006]). Here, it is undisputed that the mother had moved six times between the years 2000 and 2007, as a result of which the child had attended three schools over a period of five years. Family Court therefore properly determined that a sufficient change of circumstances existed to warrant a review of the custody arrangement. We nevertheless conclude that the court improvidently exercised its discretion in determining that the best interests of the child warranted a transfer of primary physical custody to the father (*see Matter of Kristi L.T. v Andrew R.V.*, 48 AD3d 1202, 1204 [2008], *lv denied* 10 NY3d 716 [2008]).

As we set forth in *Matter of Maher v Maher* (1 AD3d 987, 988-989 [2003]), " '[a] change of custody should be made only if the totality of the circumstances warrants a change that is in the best interests of the child' . . . 'Among the factors to be considered are the quality of the home environment and the parental guidance the custodial parent provides for the child' . . . .'" The evidence presented at the hearing on the petition established that the mother had moved with her three children into her parents' home because the trailer park in which she lived had been sold. The child's grandmother cared for the child and the mother's other children while the mother worked. The mother intended to live with the father of her other children and had been looking for housing that would permit the child to continue to attend the same school in which the child was enrolled at the time of the hearing. Although the father testified that he filed the petition seeking a change of primary physical custody because the mother moved with the child into her parents' home, he could not identify any negative impact on the child as a result of the move. We conclude that the evidence establishes that the mother has provided proper guidance for the child (*see id.* at 989).

We further conclude that, although both parties are able to provide for the child's emotional and intellectual development (*see id.*), the evidence established that the child has a learning disability, that the mother has participated in the child's individualized education program, and that the father has not attended the meetings with respect to that program. The evidence further established that, although the father was opposed to the school's recommendation that the child repeat first grade, he failed to articulate the basis for his opposition. In addition, despite the evidence that the child has a loving relationship with both parties, we note that the father refused to permit her to visit his home for a period of several weeks because of her "attitude." Both parties are able to provide for the financial needs of the child and, although both parents are fit to care for the child, the child has always lived with the mother (*see id.*). We further note that the order necessitated the separation of the child from her two half-sisters, to whom she was very attached (*see generally Matter of Brown v Marr*, 23 AD3d 1029, 1030 [2005]; *Fox v Fox*, 177 AD2d 209, 210 [1992]), but that she also has a half-brother at the father's home.

Thus, based on the evidence presented at the hearing, we cannot agree with the court that the best interests of the child warrant a change in her primary physical custody. Therefore, in the exercise of our discretion, we reverse the order, deny the pe-

tition, and remit the matter to Family Court to fashion an appropriate visitation schedule for the father. Finally, in order to allow the child to complete the school year, we stay all proceedings to enforce our order pending the conclusion of the school year. Present—Scudder, P.J., Smith, Fahey, Carni and Pine, JJ.