■ In the Matter of SANDRA MARY CHRYSLER, Appellant, v LEONARD ADAM FABIAN, SR., et al., Respondents. [885 NYS2d 861]—

Appeal from an order of the Family Court, Onondaga County (Bryan R. Hedges, J.), entered June 2, 2008 in a proceeding pursuant to Family Court Act article 6. The order dismissed the petition.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner mother appeals from an order dismissing, without prejudice, her petition seeking modification of a custody order entered upon the consent of the parties, i.e., the mother, her cousin and her cousin's husband, in October 2005. We reject the contention of the mother that Family Court erred in failing to conduct a hearing to determine whether a transfer of custody to her was in the best interests of the child. "A party seeking a change in an established custody arrangement must show 'a change in circumstances which reflects a real need for change to ensure the best interest[s] of the child' " (*Matter of Di Fiore v Scott*, 2 AD3d 1417, 1417 [2003]). Although the petition alleged that the mother had obtained suitable housing and employment and that the 13-year-old child wished to reside with her, the mother advised the court at the time of the court appearance on the petition that she was not employed, and the Law Guardian advised the court that the child wished to remain with respondents. We therefore conclude that the mother failed to make a sufficient evidentiary showing to warrant a hearing (*see Matter of Mindy L.H. v Steve W.H.*, 37 AD3d 1145 [2007], *lv denied* 8 NY3d 814 [2007]). Furthermore, we note that the court "was fully familiar with relevant background facts regarding the parties and the child from several past proceedings," and thus a hearing on the petition was not necessary to determine its merits (*Matter of Walberg v Rudden*, 14 AD3d 572 [2005]). Present—Scudder, P.J., Smith, Carni, Pine and Gorski, JJ.