In the Matter of LAURA L. HORN, Appellant, v JEFFREY H. HORN, Respondent. [902 NYS2d 738]—

Appeal from an order of the Family Court, Cattaraugus County (Lynn L. Hartley, J.H.O.), entered February 23, 2009 in a proceeding pursuant to Family Court Act article 6. The order granted respondent's motion and dismissed the petition.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner mother appeals from an order dismissing, without prejudice, her petition seeking to modify a prior custody order entered upon consent of the parties. Contrary to the contention of the mother, Family Court properly granted respondent father's motion to dismiss the petition. "A party seeking a change in an established custody arrangement must show 'a change in circumstances [that] reflects a real need for change to ensure the best interest[s] of the child' " (*Matter of Di Fiore v Scott*, 2 AD3d 1417, 1417 [2003]; *see Matter of Chrysler v Fabian*, 66 AD3d 1446 [2009], *lv denied* 13 NY3d 715 [2010]) and, here, the mother failed to meet that burden. The court should not change an existing custody arrangement "merely because of changes in marital status, economic circumstances or improvements in moral or psychological adjustment, at least so long as the custodial parent has not been shown to be unfit, or perhaps less fit, to continue as the proper custodian" (*Obey v Degling*, 37 NY2d 768, 770 [1975]; *see Di Fiore*, 2 AD3d 1417 [2003]; *Fox v Fox*, 177 AD2d 209, 211 [1992]). We conclude that the court's determination has a sound and substantial basis in the record, and we therefore will not disturb it (*see Matter of James D. v Tammy W.*, 45 AD3d 1358 [2007]).

Finally, the record before us does not establish whether a conflict of interest existed with respect to the attorney for the children's representation of all five children in question. Present—Scudder, P.J., Martoche, Sconiers, Green and Gorski, JJ.