■ In the Matter of SHELLY DORMIO, Appellant, v PATRICK MAHONEY, Respondent. [908 NYS2d 378]—

Appeal from an order of the Family Court, Oneida County (Frank S. Cook, J.H.O.), entered March 18, 2009 in a proceeding pursuant to Family Court Act article 6. The order, insofar as appealed from, dismissed the petition for sole custody.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner mother appeals from an order

dismissing her petition, following a hearing, that sought to modify a prior custody order with respect to the parties' child. The prior order was entered following a lengthy hearing and, inter alia, awarded joint custody of the child to the parties, with the child to reside with each parent during alternate weeks. Contrary to the contention of the mother, Family Court properly dismissed her petition. "A party seeking a change in an established custody arrangement must show 'a change in circumstances [that] reflects a real need for change to ensure the best interest[s] of the child' " (*Matter of Di Fiore v Scott*, 2 AD3d 1417, 1417 [2003]; *see Matter of Chrysler v Fabian*, 66 AD3d 1446 [2009], *lv denied* 13 NY3d 715 [2010]). An existing custody arrangement is not subject to modification "merely because of changes in marital status, economic circumstances or improvements in moral or psychological adjustment, at least so long as [a] custodial parent has not been shown to be unfit, or perhaps less fit, to continue as [a] proper custodian" (*Obey v Degling*, 37 NY2d 768, 770 [1975]; *see Di Fiore*, 2 AD3d 1417). We conclude that the court's determination dismissing the petition has a sound and substantial basis in the record, and we therefore will not disturb it (*see Matter of Horn v Horn*, 74 AD3d 1848 [2010]). Present—Smith, J.P., Carni, Lindley, Sconiers and Pine, JJ.