■ In the Matter of JOSHUA C. MOORE, Respondent, v DE-SIREE MOORE, Appellant. [910 NYS2d 803]—

Appeal from an order of the Family Court, Genesee County (Eric R. Adams, J.), entered June 5, 2009 in a proceeding pursuant to Family Court Act article 6. The order awarded custody of the children to petitioner.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent mother contends on appeal that Family Court erred in granting the petition in which petitioner father sought sole physical custody of the parties' children. We affirm. The parties had joint custody of the children with primary physical custody with the mother since October 2004 pursuant to an order entered upon the consent of the parties. It is well settled that "[a] party seeking a change in an established custody arrangement must show a change in circumstances [that] reflects a real need for change to ensure the best interest[s] of the child" (*Matter of Dormio v Mahoney*, 77 AD3d 1464, 1465 [2010] [internal quotation marks omitted]; *see Matter of Perry v Korman*, 63 AD3d 1564, 1565 [2009]; *Matter of Amy L.M. v Kevin M.M.*, 31 AD3d 1224 [2006]). Here, the father met that burden. It is undisputed that the mother moved four times between 2004 and 2009, as a result of which one of the children attended five different schools over that five-year period. In addition, the mother testified that she was planning another move in the near future, which would require the chil-

dren to change schools yet again. The court therefore properly determined that there was a sufficient change of circumstances to warrant a review of the existing custody arrangement, and the court also properly determined that it is in the best interests of the children to modify the existing custody arrangement by granting the father sole physical custody of the children (*see Matter of Maher v Maher*, 1 AD3d 987, 988-989 [2003]; *cf. Matter of Perry v Korman*, 63 AD3d 1564, 1566-1567 [2009]). "The determination of the court is entitled to great deference, and where, as here, it is based upon a sound and substantial basis in the record, it will not be disturbed" (*Matter of Lewis R.E. v Deloris A.E.*, 37 AD3d 1092, 1093 [2007]). Present—Centra, J.P., Carni, Sconiers and Pine, JJ.