# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1311**
**CAF 11-02042**
PRESENT: SMITH, J.P., PERADOTTO, CARNI, SCONIERS, AND WHALEN, JJ.

---

IN THE MATTER OF SUZALYN E. HOFFMEIER,
PETITIONER-APPELLANT,

V                                                MEMORANDUM AND ORDER

THOMAS BYRNES, RESPONDENT-RESPONDENT.

---

EMILY KARR-COOK, ELMIRA, FOR PETITIONER-APPELLANT.

CAROLYN KELLOGG JONAS, ATTORNEY FOR THE CHILDREN, WELLSVILLE, FOR
JAYDEN C. AND CHRISTOPHER B.

--------------------------------------------------------------------------------

Appeal from an order of the Family Court, Steuben County (Peter C. Bradstreet, J.), entered September 28, 2011 in a proceeding pursuant to Family Court Act article 6.  The order denied the petitions to modify a prior order of custody.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum:  Petitioner mother commenced this proceeding seeking to modify a prior order of custody that, inter alia, granted physical custody of the subject children to respondent father and visitation to her.  The prior order was based upon a full evidentiary hearing and had been entered approximately two months prior to the filing of the instant petitions.  We reject the mother's contention that Family Court erred in concluding that she failed to establish a change in circumstances sufficient to warrant a review of the prior custody determination.

We note at the outset that, although the order on appeal does not mention "changed circumstances," the court concluded, in the decision upon which the order is based, that the mother failed to establish a change in circumstances sufficient to warrant a review of the existing custody arrangement.  It is well settled that "where an order and decision conflict, the decision controls" (*Matter of Triplett v Scott*, 94 AD3d 1421, 1421 [internal quotation marks omitted]; *see Matter of King v King*, 309 AD2d 1207, 1208), and we thus conclude that the court made the requisite threshold finding that the mother failed to establish a change in circumstances sufficient to warrant an inquiry into whether the best interests of the children would be served by altering their existing custody arrangement (*see Matter of Chrysler v Fabian*, 66 AD3d 1446, 1447, *lv denied* 13 NY3d 715; *cf. Matter of Carey v Windover*, 85 AD3d 1574, 1574, *lv denied* 17 NY3d 710; *Matter of Moore*

*v Moore*, 78 AD3d 1630, 1630, *lv denied* 16 NY3d 704).

With respect to the merits, we note that the only parenting problems that arose in the two months between the issuance of the prior order and the filing of the mother's instant petitions had been resolved prior to the hearing thereon.  Thus, we agree with the court that the mother failed to establish a sufficient change in circumstances such that reconsideration of the existing custody arrangement was required (*see Matter of Clark v Ingraham*, 88 AD3d 1079, 1079-1080).

Entered:  December 21, 2012                          Frances E. Cafarell
                                                     Clerk of the Court