# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**772**
**CAF 13-01636**
PRESENT: SMITH, J.P., FAHEY, PERADOTTO, SCONIERS, AND VALENTINO, JJ.

---

IN THE MATTER OF KATHLEEN G. ISLER,
PETITIONER-APPELLANT,

V                                    MEMORANDUM AND ORDER

VICTOR C. JOHNSON, RESPONDENT-RESPONDENT.
-------------------------------------------------
EMILY A. VELLA, ESQ., ATTORNEY FOR THE CHILDREN,
APPELLANT.

---

EMILY A. VELLA, ATTORNEY FOR THE CHILDREN, SPRINGVILLE, APPELLANT PRO
SE.

ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (LYLE T. HAJDU OF COUNSEL),
FOR PETITIONER-APPELLANT.

LEGAL ASSISTANCE OF WESTERN NEW YORK, INC., OLEAN (STEVEN A. LANZA OF
COUNSEL), FOR RESPONDENT-RESPONDENT.

---

Appeals from an order of the Family Court, Cattaraugus County
(Michael L. Nenno, J.), entered August 20, 2013 in a proceeding
pursuant to Family Court Act article 6. The order dismissed the
petition.

It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs, the petition is
reinstated, and the matter is remitted to Family Court, Cattaraugus
County, for further proceedings in accordance with the following
Memorandum: Petitioner mother commenced this proceeding pursuant to
Family Court Act article 6, seeking to modify a prior custody
agreement. The parties were divorced by a 2011 judgment of divorce,
entered in Supreme Court, Erie County, that incorporated but did not
merge their stipulation of settlement, pursuant to which the mother
was granted custody of the subject children with visitation to
respondent father. In May of 2013, the parties further stipulated in
Family Court, Cattaraugus County, to an order that, inter alia,
granted the parties joint custody of the children with primary
physical residence with the father. The mother filed this petition in
August 2013, alleging that the father had used excessive corporal
punishment against one of the children after the entry of the Family
Court order. The mother also alleged that the father had refused to
permit her to exercise visitation pursuant to the prior arrangement.
The mother and the Attorney for the Children appeal from an order
dismissing the petition without a hearing.

It is well settled that a party seeking a change in an established custody arrangement must show "a change in circumstances [that] reflects a real need for change to ensure the best interest[s] of the child[ren]" (*Matter of Irwin v Neyland*, 213 AD2d 773, 773; *see Matter of Moore v Moore*, 78 AD3d 1630, 1630, *lv denied* 16 NY3d 704; *Matter of Hight v Hight*, 19 AD3d 1159, 1160). Although a "hearing is not automatically required whenever a parent seeks modification of a custody order" (*Matter of Wurmlinger v Freer*, 256 AD2d 1069, 1069; *see Matter of Consilio v Terrigino*, 114 AD3d 1248, 1248), we conclude that the mother made a sufficient evidentiary showing of a change in circumstances to warrant a hearing (*cf. Matter of Warrior v Beatman*, 70 AD3d 1358, 1359, *lv denied* 14 NY3d 711). "[T]he mother's allegations that [the father] imposed excessive and inappropriate discipline on the subject children, including corporal punishment, [were] sufficient to warrant a hearing" (*Matter of Vasquez-Williams v Williams*, 32 AD3d 859, 860), as were the mother's allegations that the father had refused to permit her to exercise visitation with the subject children for four weeks (*see Brodsky v Brodsky*, 267 AD2d 897, 898-899). Consequently, we agree with the mother that the court erred in dismissing the petition without conducting a hearing. We therefore reverse the order, reinstate the petition and remit the matter to Family Court for a hearing.

Entered: June 20, 2014                    Frances E. Cafarell
                                          Clerk of the Court