# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**848**
**CAF 14-01949**
PRESENT: WHALEN, P.J., CENTRA, NEMOYER, TROUTMAN, AND SCUDDER, JJ.

---

IN THE MATTER OF YVETTE NOBLE,
PETITIONER-APPELLANT,

V                                    MEMORANDUM AND ORDER

TROY PARIS, RESPONDENT-RESPONDENT.
-----------------------------------
SUSAN B. MARRIS, ESQ., ATTORNEY FOR
THE CHILD, APPELLANT.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (ELIZABETH deV. MOELLER OF COUNSEL), FOR PETITIONER-APPELLANT.

SUSAN B. MARRIS, ATTORNEY FOR THE CHILD, MANLIUS, APPELLANT PRO SE.

LISA H. BLITMAN, SYRACUSE, FOR RESPONDENT-RESPONDENT.

---

Appeal from an order of the Family Court, Onondaga County (Michael L. Hanuszczak, J.), entered October 6, 2014 in a proceeding pursuant to Family Court Act article 6. The order granted respondent's motion to dismiss the petition.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner mother commenced this proceeding seeking to modify a prior order pursuant to which respondent father had sole legal and physical custody of their daughter. The mother and the Attorney for the Child (AFC) appeal from an order that granted the father's motion to dismiss the petition without a hearing, and we affirm.

We reject the mother's contention that Family Court erred in deciding the father's motion on the same day that it was filed and served. Although motion papers generally must be "served at least eight days before the time at which the motion is noticed to be heard" (CPLR 2214 [b]; *see* Family Ct Act § 165 [a]), "[a] court has discretion to overlook late or defective service of a motion where the nonmoving party is not prejudiced" (*Barnaba-Hohm v St. Joseph's Hosp. Health Ctr.*, 130 AD3d 1482, 1483; *see generally* CPLR 2214 [c]; *Perez v Perez*, 131 AD2d 451, 451). Here, we conclude that the mother was not prejudiced by the timing of the father's motion (*see generally Bucklaew v Walters*, 75 AD3d 1140, 1141).

We also reject the contention of the mother and the AFC that the court erred in dismissing the petition without conducting a hearing. " 'A hearing is not automatically required whenever a parent seeks modification of a custody order' " (*Matter of Warrior v Beatman*, 70 AD3d 1358, 1359, *lv denied* 14 NY3d 711), and here the mother failed to "make a sufficient evidentiary showing of a change in circumstances to require a hearing" (*Matter of Di Fiore v Scott*, 2 AD3d 1417, 1417-1418 [internal quotation marks omitted]; *see Matter of Chrysler v Fabian*, 66 AD3d 1446, 1447, *lv denied* 13 NY3d 715; *Matter of Chittick v Farver*, 279 AD2d 673, 675-676; *cf. Matter of Christopher B. v Patricia B.*, 75 AD3d 871, 872-873).