■ In the Matter of ANDY FARNER, Appellant, v BRANDY FARNER, Respondent. [60 NYS3d 613]—

Appeal from an order of the Family Court, Cattaraugus County (Judith E. Samber, Ref.), entered February 19, 2016 in a proceeding pursuant to Family Court Act article 6. The order granted the motion of respondent to dismiss the amended petition and directed the return of the child to respondent.

It is hereby ordered that the order so appealed from is unanimously modified on the law by denying the motion and reinstating the amended petition, and as modified the order is affirmed without costs, and the matter is remitted to Family Court, Cattaraugus County, for further proceedings in accordance with the following memorandum: Pursuant to a parenting agreement that was incorporated in the parties' judgment of divorce, petitioner father and respondent mother shared joint custody of their child. The mother, who resided in Georgia, was designated the primary residential parent, and the father, who resided in Western New York, was afforded visitation with the child. The father appeals from an order that, inter alia, granted the mother's motion to dismiss the father's amended petition seeking to modify the custody and visitation provisions of the parenting agreement. We agree with the father that Family Court erred in dismissing the amended petition without a hearing, and we therefore modify the order accordingly.

It is well established that "[a] hearing is not automatically required whenever a parent seeks modification of a custody [or visitation] order" (*Matter of Esposito v Magill*, 140 AD3d 1772, 1773 [2016], *lv denied* 28 NY3d 904 [2016] [internal quotation marks omitted]). Rather, "[t]he petitioner must make a sufficient evidentiary showing of a change in circumstances to require a hearing on the issue whether the existing custody [and visitation] order should be modified" (*Matter of Di Fiore v Scott*, 2 AD3d 1417, 1417-1418 [2003] [internal quotation marks omitted]; *see Matter of Gelling v McNabb*, 126 AD3d 1487, 1487 [2015]).

Preliminarily, we agree with the mother that she refuted the father's allegation that there was a change in circumstances because she was being investigated for possible drug use and neglect by the Division of Children and Family Services in Georgia (DCFS). In support of her motion to dismiss the amended petition, the mother submitted a letter from DCFS establishing that the investigation had been closed and there were no indications of maltreatment or child abuse and neglect (*see Matter of Chittick v Farver*, 279 AD2d 673, 675-676 [2001]; *see generally Matter of Dana H. v James Y.*, 89 AD3d 844, 845 [2011]).

We nonetheless agree with the father that he made a sufficient evidentiary showing of a change in circumstances to require a hearing with respect to certain remaining allegations in the amended petition. It was undisputed that the mother was facing prosecution for criminal possession of a controlled substance in Georgia. Although the mother submitted a negative drug test in support of her motion, the drug test was performed on a hair follicle sample that she submitted well after her arrest, and the assertions by the mother's attorney regarding how far back such a test could detect drug use raises an issue to be resolved at an evidentiary hearing, not on a motion to dismiss. Considering the mother's history of drug and alcohol addiction, as acknowledged by the parties in the parenting agreement, we conclude that the allegation that the mother was arrested and being prosecuted for criminal possession of a controlled substance is sufficient to warrant a hearing (*see Matter of Pollock v Wakefield*, 145 AD3d 1274, 1275 [2016]; *Matter of Bell v Raymond*, 67 AD3d 1410, 1411 [2009]), inasmuch as such conduct, including the mother's possible unlawful use of a controlled substance, "is plainly relevant to her fitness as a parent" (*Matter of Belcher v Morgado*, 147 AD3d 1335, 1336 [2017]; *see Matter of Creek v Dietz*, 132 AD3d 1283, 1284 [2015], *lv denied* 26 NY3d 914 [2015]).

The father further alleged that the mother had been hospitalized for drug-induced psychosis that resulted in a two-week inpatient treatment at a medical center in Georgia where she was also diagnosed with bipolar disorder. In support of her motion, the mother submitted an affidavit from her live-in boyfriend, who averred that he had falsely told the father that the mother had been hospitalized for a psychological evaluation for two weeks, and that he did not tell the father that she was hospitalized for drug-induced psychosis. The boyfriend nonetheless confirmed that the mother had been admitted to a psychological hospital for four days, rather than two weeks, and that she had been diagnosed with bipolar disorder. It is well settled that an evidentiary showing that a parent's mental health condition is inadequately treated and managed, results in hospitalization, impairs the parent's ability to parent effectively, and/or impacts the child may be sufficient to establish a change in circumstances warranting an inquiry into whether a change in custody is in the best interests of the child (*see Matter of Leo v Leo*, 39 AD3d 899, 901 [2007]; *see generally Matter of Yearwood v Yearwood*, 90 AD3d 771, 774 [2011]; *Matter of Morrow v Morrow*, 2 AD3d 1225, 1227 [2003]). To the extent that the mother disputed the father's allegations regarding her hospitalization and the treatment of her mental health

condition, " '[i]t is well established that determinations affecting custody should be made following a full evidentiary hearing, not on the basis of conflicting allegations' " (*Lauzonis v Lauzonis*, 120 AD3d 922, 925 [2014]).

The father also alleged that the boyfriend used a belt to discipline the child, and that the child had made disclosures of such corporal punishment to the father and the paternal grandmother. The allegations of excessive corporal punishment or inappropriate discipline in this case constitute a sufficient evidentiary showing of a change of circumstances to warrant a hearing (*see Matter of Isler v Johnson*, 118 AD3d 1504, 1505 [2014]; *see generally Matter of DeJesus v Gonzalez*, 136 AD3d 1358, 1359-1360 [2016], *lv denied* 27 NY3d 906 [2016]). Although the boyfriend denied the allegations in his affidavit, such conflicting assertions should be resolved at an evidentiary hearing (*see Lauzonis*, 120 AD3d at 925).

To the extent that the father's further allegations in the amended petition were based upon representations made to him by the boyfriend, we reject the contention of the mother and the Attorney for the Child that the recantations in the boyfriend's affidavit entitle the mother to dismissal of the amended petition. The boyfriend's credibility and the conflicting allegations in his affidavit and the amended petition should be resolved following an evidentiary hearing (*see id.*). Present—Smith, J.P., Centra, Peradotto, Lindley and NeMoyer, JJ.