Matter of Smith v Lopez (2018 NY Slip Op 05079)





Matter of Smith v Lopez


2018 NY Slip Op 05079


Decided on July 6, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 6, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, NEMOYER, AND WINSLOW, JJ.


466 CAF 17-00603

[*1]IN THE MATTER OF KOREY W. SMITH, PETITIONER-RESPONDENT,
v
KASSI L. LOPEZ, RESPONDENT-APPELLANT. (APPEAL NO. 1.) 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (DANIELLE K. BLACKABY OF COUNSEL), FOR RESPONDENT-APPELLANT. 
HANCOCK ESTABROOK, LLP, SYRACUSE (JANET D. CALLAHAN OF COUNSEL), FOR PETITIONER-RESPONDENT.
HEIDI S. CONNOLLY, SKANEATELES, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Onondaga County (William Rose, R.), entered February 1, 2017 in a proceeding pursuant to Family Court Act article 6. The order, among other things, awarded petitioner primary physical custody of the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner-respondent father commenced this proceeding pursuant to Family Court Act article 6 and, by amended petition, sought to modify a prior order of custody by awarding him primary physical custody of the subject child. Respondent-petitioner mother filed an amended cross petition also seeking modification of the prior custody order by awarding her primary physical custody, and other relief. The mother appeals from an order that, among other things, denied and dismissed her amended cross petition, and granted the amended petition. We reject the mother's contention that Family Court erred in awarding primary physical custody to the father.
The mother contends that the court erred in failing to make a specific finding of the requisite change in circumstances and erred insofar as it implicitly concluded that there had been such a change. We disagree with the latter contention. Initially, although the court failed to expressly determine whether there had been a sufficient change in circumstances to warrant an inquiry into the best interests of the child on the issue of custody, " our review of the record reveals extensive findings of fact, placed on the record by Family Court, which demonstrate unequivocally that a significant change in circumstances occurred since the entry of the consent custody order' " (Matter of Morrissey v Morrissey, 124 AD3d 1367, 1367 [4th Dept 2015], lv denied 25 NY3d 902 [2015]; see Matter of Aronica v Aronica, 151 AD3d 1605, 1605 [4th Dept 2017]).
Furthermore, the evidence supports the court's implicit conclusion that the father, as the "party seeking a change in an established custody arrangement[,] . . . show[ed] a change in circumstances [that] reflects a real need for change to ensure the best interest[s] of the child" (Matter of Dormio v Mahoney, 77 AD3d 1464, 1465 [4th Dept 2010], lv denied 16 NY3d 702 [2011] [internal quotation marks omitted]; see Matter of Moore v Moore, 78 AD3d 1630, 1630 [4th Dept 2010], lv denied 16 NY3d 704 [2011]; Matter of Perry v Korman, 63 AD3d 1564, 1565 [4th Dept 2009]). The father met that burden by establishing, inter alia, that the mother relocated her and the child's residence several times within a relatively short time frame (see Shaw v Shaw, 155 AD3d 1673, 1674 [4th Dept 2017]; Matter of Carey v Windover, 85 AD3d [*2]1574, 1574 [4th Dept 2011], lv denied 17 NY3d 710 [2011]), and that the mother had a mental health condition that was not adequately treated (see Matter of Farner v Farner, 152 AD3d 1212, 1214 [4th Dept 2017]).
We reject the mother's further contentions that the court made intemperate remarks that demonstrate prejudice against her, and that it erred in failing to limit its determination to the issues to which the parties did not stipulate. Where, as here, the parties stipulated to certain issues related to custody and visitation, the court is not bound by that stipulation and instead must consider the child's best interests in resolving those issues, regardless of the parties' stipulation (see generally Kelly v Kelly, 19 AD3d 1104, 1106 [4th Dept 2005], appeal dismissed 5 NY3d 847 [2005], reconsideration denied 6 NY3d 803 [2006]; Matter of Sliwinski v Erie County Dept. of Social Servs., 195 AD2d 1056, 1057-1058 [4th Dept 1993]). Here, the mother previously alleged that her paramour, who had ongoing substance abuse issues, had engaged in domestic violence toward her in the presence of the child, and she refused to stipulate during this custody proceeding that he would not be left in charge of, or alone with, the subject child. Based on, inter alia, those facts, we agree that the court's determination to award primary physical custody to the father and to grant the mother visitation is in the child's best interests. Additionally, although the court's intemperate remarks reflected a lack of patience that is not appropriate in this delicate matter (see generally Matter of Esworthy, 77 NY2d 280, 282-283 [1991]; Matter of Wilson v Kilkenny, 73 AD3d 796, 798 [2d Dept 2010], lv dismissed 15 NY3d 817 [2010], rearg denied 15 NY3d 917 [2010]), we discern no indication of bias (see Matter of Hanehan v Hanehan, 8 AD3d 712, 714 [3d Dept 2004]; cf. Matter of Hannah B. [Theresa B.], 108 AD3d 528, 531 [2d Dept 2013]).
We have considered the mother's remaining contentions and
conclude that none warrants modification or reversal of the order.
Entered: July 6, 2018
Mark W. Bennett
Clerk of the Court