Matter of Moreno v Elliott (2019 NY Slip Op 01995)





Matter of Moreno v Elliott


2019 NY Slip Op 01995


Decided on March 15, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


1407 CAF 17-00126

[*1]IN THE MATTER OF CORY MORENO, PETITIONER-RESPONDENT,
v
JAN ELLIOTT, RESPONDENT-APPELLANT. (APPEAL NO. 1.) 






ROSEMARIE RICHARDS, GILBERTSVILLE, FOR RESPONDENT-APPELLANT.
CARA A. WALDMAN, FAIRPORT, FOR PETITIONER-RESPONDENT. 
VIVIAN CLARA STRACHE, BATH, ATTORNEY FOR THE CHILDREN. 


 Appeal from an order of the Family Court, Steuben County (Marianne Furfure, A.J.), entered December 21, 2016 in a proceeding pursuant to Family Court Act article 6. The order, among other things, adjudged that the parties shall share joint custody of the subject children, with primary placement with petitioner. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In appeal No. 1, respondent-petitioner mother appeals from an order that, among other things, modified a prior order of custody and visitation by awarding petitioner-respondent father primary placement of the three subject children and granting visitation to the mother. In appeal No. 2, the mother appeals from an order that dismissed her two petitions seeking a modification of the custody and visitation order at issue in appeal No. 1. We affirm in both appeals.
Addressing first the order in appeal No. 1, we reject the mother's contention that the father failed to make the requisite showing of a change of circumstances to warrant an inquiry into whether the best interests of the children would be served by a modification of the prior custody and visitation order (see Matter of Carey v Windover, 85 AD3d 1574, 1574 [4th Dept 2011], lv denied 17 NY3d 710 [2011]; Matter of Dormio v Mahoney, 77 AD3d 1464, 1465 [4th Dept 2010], lv denied 16 NY3d 702 [2011]). The father met that burden by establishing, inter alia, that the mother, in violation of an existing order, failed to enroll two of the children in counseling, failed to provide him with the children's educational, medical, dental and mental health appointment information (see generally Matter of Green v Bontzolakes, 111 AD3d 1282, 1283 [4th Dept 2013]), and also interfered with his "visitation rights and/or telephone access" (Matter of Murphy v Wells, 103 AD3d 1092, 1093 [4th Dept 2013], lv denied 21 NY3d 854 [2013] [internal quotation marks omitted]; see Matter of Amrane v Belkhir, 141 AD3d 1074, 1075 [4th Dept 2016]; Goldstein v Goldstein, 68 AD3d 717, 720 [2d Dept 2009]). Contrary to the mother's further contention, we conclude that a sound and substantial basis exists in the record to support Family Court's determination that awarding the father primary placement of the children is in their best interests (see Matter of Cross v Caswell, 113 AD3d 1107, 1107-1108 [4th Dept 2014]).
Additionally, the mother contends that the court was not authorized under article 6 of the Family Court Act to make the order of protection, which had been made a condition of the prior custody and visitation order, a condition of the order in appeal No. 1. However, inasmuch as the propriety of that order of protection was determined on the merits in a prior proceeding between the same parties (see Matter of Moreno v Elliott, 155 AD3d 1561, 1562 [4th Dept 2017], lv [*2]dismissed in part and denied in part 30 NY3d 1098 [2018]), the doctrine of res judicata precludes the mother from challenging it here (see generally Matter of Josey v Goord, 9 NY3d 386, 389 [2007]).
Finally, contrary to the mother's contention in appeal No. 2, the court did not err in dismissing her modification petitions without a hearing. It is well settled that "[o]ne who seeks to modify an existing order of [custody and] visitation is not automatically entitled to a hearing[ and] must make some evidentiary showing sufficient to warrant it" (Matter of Richard R.G. v Rebecca H., 34 AD3d 1312, 1312 [4th Dept 2006], lv denied 8 NY3d 804 [2007] [internal quotation marks omitted]; see Matter of Farner v Farner, 152 AD3d 1212, 1213 [4th Dept 2017]; see also Matter of Horowitz v Horowitz, 154 AD3d 1207, 1208 [3d Dept 2017]), and we conclude that the court properly determined that the mother failed to establish a change of circumstances during the less than two-month period that had elapsed since the court transferred primary placement to the father. Moreover, we note that "the court was fully familiar with relevant background facts regarding the parties and the child[ren] from several past proceedings, and thus a hearing on the petition[s] was not necessary to determine [their] merits" (Matter of Chrysler v Fabian, 66 AD3d 1446, 1447 [4th Dept 2009], lv denied 13 NY3d 715 [2010] [internal quotation marks omitted]; see Matter of Walberg v Rudden, 14 AD3d 572, 572 [2d Dept 2005]).
Entered: March 15, 2019
Mark W. Bennett
Clerk of the Court