Matter of Catherine M.C. v Matthew P.C. (2025 NY Slip Op 02480)

Matter of Catherine M.C. v Matthew P.C.

2025 NY Slip Op 02480

Decided on April 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, SMITH, DELCONTE, AND HANNAH, JJ.

261 CAF 23-01201

[*1]IN THE MATTER OF CATHERINE M.C., PETITIONER-APPELLANT,
v
MATTHEW P.C., JR., RESPONDENT-RESPONDENT. MARYBETH BARNET, ESQ., ATTORNEY FOR THE CHILDREN, APPELLANT. 

TYSON BLUE, MACEDON, FOR PETITIONER-APPELLANT. 
MARYBETH D. BARNET, MIDDLESEX, ATTORNEY FOR THE CHILDREN, APPELLANT PRO SE. 

 Appeals from an order of the Family Court, Wayne County (Richard M. Healy, J.), entered July 3, 2023, in a proceeding pursuant to Family Court Act article 6. The order dismissed the petition. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the petition is reinstated, and the matter is remitted to Family Court, Wayne County, for further proceedings in accordance with the following memorandum: Petitioner mother commenced this proceeding pursuant to Family Court Act article 6 seeking to modify a prior order of custody and visitation, entered upon the parties' consent, pursuant to which the parties shared joint legal custody with primary physical residence with the mother and supervised visitation to respondent father. The mother sought, among other things, sole legal custody of the subject children and termination of the father's visitation. The mother and the children each appeal from an order granting the father's motion to dismiss the petition. We now reverse.
We note at the outset that, although the children's notice of appeal was filed by the appellate Attorney for the Children (AFC) over a year after entry of the order appealed from, it cannot be said that the children's appeal is untimely inasmuch as " '[t]here is no evidence in the record that the [trial AFC] was served with the order of [dismissal] by a party . . . , that [the trial AFC] received the order in court, or that the Family Court mailed the order to the [trial AFC]' " (Matter of Grayson S. [Thomas S.], 209 AD3d 1309, 1311 [4th Dept 2022]; see Family Ct Act § 1113; Matter of Bukowski v Florentino, 210 AD3d 1520, 1521 [4th Dept 2022]; see also Matter of Parvati D. [Roman D.], 227 AD3d 605, 605 [1st Dept 2024], lv dismissed 43 NY3d 926 [2025]).
"A hearing is not automatically required whenever a parent seeks modification of a custody [or visitation] order" (Matter of Di Fiore v Scott, 2 AD3d 1417, 1417 [4th Dept 2003] [internal quotation marks omitted]; see Matter of Kriegar v McCarthy, 162 AD3d 1560, 1560 [4th Dept 2018]; Matter of Farner v Farner, 152 AD3d 1212, 1213 [4th Dept 2017]). Rather, "[t]he petitioner must make a sufficient evidentiary showing of a change in circumstances to require a hearing on the issue whether the existing custody [and visitation] order should be modified" (Di Fiore, 2 AD3d at 1417-1418 [internal quotation marks omitted]; see Farner, 152 AD3d at 1213; Matter of Gelling v McNabb, 126 AD3d 1487, 1487-1488 [4th Dept 2015]). "In order to survive a motion to dismiss and warrant a hearing, a petition seeking to modify a prior order of custody and visitation must contain factual allegations of a change in circumstances warranting modification to ensure the best interests of the child" (Kriegar, 162 AD3d at 1560 [internal quotation marks omitted]; see Gelling, 126 AD3d at 1487; Di Fiore, 2 AD3d at 1417-1418). "When faced with such a motion, 'the court must give the pleading a liberal [*2]construction, accept the facts alleged therein as true, accord the nonmoving party the benefit of every favorable inference, and determine only whether the facts fit within a cognizable legal theory' " (Kriegar, 162 AD3d at 1560; see Matter of Little v Little, 175 AD3d 1070, 1071 [4th Dept 2019]).
Preliminarily, we conclude, contrary to the children's contention, that the mother's allegation that the father caused a disruption in the children's health insurance coverage does not adequately set forth a change in circumstances inasmuch as the mother also asserted that the issue had been resolved before she filed the petition (see Matter of Hoffmeier v Byrnes, 101 AD3d 1666, 1667 [4th Dept 2012]).
We nonetheless agree with the mother and the children that Family Court erred in summarily dismissing the petition inasmuch as the mother otherwise alleged a change in circumstances sufficient to survive the father's motion to dismiss and warrant a hearing. The mother alleged that the father had repeatedly and consistently neglected to exercise his right to supervised visitation and had not seen or spoken with the children in over two years (see Kriegar, 162 AD3d at 1560). To the extent that the father disputed that allegation by blaming his lack of contact with the children entirely on the mother and accusing her of parental alienation, "determinations affecting custody [and visitation] should be made following a full evidentiary hearing, not on the basis of conflicting allegations" (Farner, 152 AD3d at 1215 [internal quotation marks omitted]).
The mother further alleged that, subsequent to entry of the prior order, the older child newly disclosed that, in addition to the previously known sexual abuse to which he and the younger child had been subjected by their paternal uncle at the father's home, the father too had sexually abused him. That allegation was supported by a psychological evaluation ordered by the court at the trial AFC's request, which showed that, during treatment following entry of the prior order, the older child was experiencing psychological issues arising from his memories of being sexually abused and disclosed to a treatment provider that the father had also sexually abused him. The psychological evaluation also noted, among other things, that both children had been diagnosed with PTSD. We thus conclude that the allegation constitutes a sufficient evidentiary showing of a change in circumstances to warrant a hearing (see Matter of Attorney for the Children v Barbara N., 152 AD3d 903, 904-905 [3d Dept 2017]; see generally Farner, 152 AD3d at 1215).
Additionally, the mother adequately alleged a change in circumstances based on information—which she received directly from child protective services personnel from the county where the father resides—that the father and his paramour had engaged in conduct that led to the removal of the father's other children from his care (see Matter of Brockel v Martin, 153 AD3d 1654, 1654-1655 [4th Dept 2017]; Matter of Hamilton v Anderson, 143 AD3d 1086, 1088-1089 [3d Dept 2016]). We also agree with the children that the mother adequately alleged a change in circumstances "based on the increasing animus between the parties, the deterioration of the father's relationship with the children and the psychological issues that had arisen with . . . the children" (Matter of Biernbaum v Burdick, 162 AD3d 1664, 1665 [4th Dept 2018]).
Based on the foregoing, we reverse the order, deny the motion, reinstate the petition, and remit the matter to Family Court for further proceedings on the petition. In light of our determination, we need not address the mother's remaining contention.
Entered: April 25, 2025
Ann Dillon Flynn
Clerk of the Court