■ In the Matter of REBECCA BLASDELL, Appellant-Respondent, v DALE DEGOLIER, Respondent-Appellant. (Proceeding No. 1.) In the Matter of SHIRLEY DEGOLIER, Respondent, v REBECCA BLASDELL, Appellant. (Proceeding No. 2.) [756 NYS2d 695] —Appeal and cross appeal from an order of Family Court, Chautauqua County (Claire, J.), entered October 29, 2001, which awarded joint custody of two of the children to Rebecca Blasdell and Shirley DeGolier, with primary physical custody to Shirley DeGolier and visitation to Dale DeGolier.

It is hereby ordered that said order be and the same hereby is unanimously modified on the law by denying the petition of Shirley DeGolier in proceeding No. 2 and granting the petition of Rebecca Blasdell in proceeding No. 1, thereby awarding sole custody of the older set of twins to Rebecca Blasdell, with visitation to the grandmother and as modified the order is affirmed without costs, and the matter is remitted to Family Court, Chautauqua County, for further proceedings in accordance with the following memorandum: Rebecca Blasdell, the

petitioner in proceeding No. 1 and the respondent in proceeding No. 2 (mother), appeals and Dale DeGolier, the respondent in proceeding No. 1 (father), cross-appeals from an order awarding joint custody of two of their four children to the mother and Shirley DeGolier, the children's paternal grandmother and the petitioner in proceeding No. 2 (grandmother), with primary physical custody to the grandmother and visitation to the father. By order entered March 3, 2000, Family Court had awarded joint custody of all the children, who are two sets of twins, to the mother and father, with primary physical custody of the younger set of twins to the mother and primary physical custody of the older set of twins to the father, with visitation of all the children to the grandmother. The father and the older set of twins lived with the grandmother until August 2000, when the father moved out of the grandmother's house and left the older set of twins in the grandmother's care. In November 2000, the mother petitioned for sole custody of the older set of twins (proceeding No. 1). The father cross-petitioned for custody of the older set of twins in proceeding No. 1, and the grandmother commenced proceeding No. 2 against the mother, seeking custody of the older set of twins. After a hearing, the court awarded joint custody of the older set of twins to the mother and grandmother, with primary physical custody to the grandmother and visitation to the father.

The court erred in awarding primary physical custody of the older set of twins to the grandmother. It is well settled that a non-parent may not be awarded custody without first demonstrating that extraordinary circumstances exist "that would drastically affect the welfare of the child[ren]" (*Matter of Bennett v Jeffreys,* 40 NY2d 543, 549 [1976]). Here, the court erred in determining that extraordinary circumstances exist based on the mother's relinquishment of the older set of twins to the grandmother. The record establishes that the father abandoned the older set of twins and left them in the grandmother's care in August 2000. The mother testified at the hearing on the petitions and cross petition that the grandmother hid from her the fact that the children had been left in the grandmother's care and that, upon learning of the father's absence, she petitioned for sole custody in November 2000. The three-month period from the time the father left the children to the time the mother petitioned for their custody is not sufficient to establish the relinquishment of parental control particularly where, as here, the mother regularly exercised her visitation rights with the children during that three-month period (*see Matter of Cote v Brown,* 299 AD2d 876, 877-878

[2002]). Thus, the court should have dismissed the grandmother's custody petition in the absence of extraordinary circumstances.

With respect to the petition of the mother and the cross petition of the father, we conclude that the mother's petition should have been granted. The party seeking modification of an established custody arrangement must demonstrate that a sufficient change of circumstances exists necessitating an alteration of the custody arrangement (*see Matter of Ross v Trento,* 275 AD2d 972 [2000]; *Matter of Reese v Jones,* 249 AD2d 676, 677 [1998]; *Matter of Karpensky v Karpensky,* 235 AD2d 594, 595 [1997]). Here, the mother made the requisite showing in view of the fact that the father abandoned the children in his physical custody and left them in the sole care of the grandmother. We conclude that the best interests of the children require primary physical custody of all the children to the mother with visitation to the father and grandmother.

We have considered the remaining contentions of the parties and conclude that they are without merit. Thus, we modify the order by denying the grandmother's petition in proceeding No. 2 and granting the mother's petition in proceeding No. 1, thereby awarding sole custody of the older set of twins to the mother, with visitation to the grandmother. We remit the matter to Family Court, Chautauqua County, to fashion an appropriate visitation schedule. Present—Pine, J.P., Scudder, Kehoe, Lawton and Hayes, JJ.