■■■ In the Matter of BRUCE L. STEVENSON, Respondent, v DEBORAH K. STEVENSON, Appellant. JACQUELINE M. GRASSO, ESQ., Law Guardian, Appellant. [894 NYS2d 696]—

Appeals from an order of the Family Court, Genesee County (Eric R. Adams, J.), entered June 2, 2009 in a proceeding pursuant to Family Court Act article 6. The order granted the petition and transferred physical custody of the parties' child to petitioner.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs and the petition is dismissed.

Memorandum: Family Court erred in granting the petition in which petitioner father sought to modify the existing custodial arrangement by transferring custody of the parties' child from respondent mother to him. The court granted the petition based primarily on its view that the father would foster a meaningful relationship between the child and the mother, while the mother would not do likewise. That was error. We conclude that the father failed to make a sufficient showing of a change in circumstances to warrant modification of the existing custody arrangement (*see Matter of Gridley v Syrko*, 50 AD3d 1560 [2008]; *Matter of Stacey L.B. v Kimberly R.L.*, 12 AD3d 1124 [2004], *lv denied* 4 NY3d 704 [2005]). A long-term custodial arrangement established by agreement, such as the arrangement herein, should not be modified unless it is demonstrated that "the custodial parent is unfit or perhaps less fit" (*Fox v Fox*, 177 AD2d 209, 211 [1992] [internal quotation marks omitted]), and that cannot be said with respect to the custodial parent. In addition, although we are mindful that the hearing court's determination is entitled to great respect (*see Matter of Louise E.S. v W. Stephen S.*, 64 NY2d 946, 947 [1985]), we conclude under the circumstances of this case that the court erred in failing to consider the preference of the child, given his age and apparent maturity, to continue to reside with the mother (*see Matter of*

*Suzanne T. v Arthur L.T.*, 12 Misc 3d 691 [2005], *affd* 30 AD3d 1105 [2006]). " 'While the express wishes of children are not controlling, they are entitled to great weight, particularly where their age and maturity would make their input particularly meaningful' " (*see Matter of O'Connor v Dyer*, 18 AD3d 757, 757 [2005]). Thus, under the circumstances of this case, we see no reason to disturb the existing custodial arrangement. Present—Smith, J.P., Fahey, Carni and Green, JJ.