In the Matter of MICHAEL T. PORTER, Respondent, v JULIE A. NESBITT, Appellant. [902 NYS2d 760]—

Appeal from an order of the Family Court, Monroe County (Julie A. Gordon, R.), entered February 27, 2009 in a proceeding pursuant to Family Court Act article 6. The order granted the petition and transferred primary physical residence of the parties' child to petitioner.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs and the petition is dismissed.

Memorandum: Respondent mother appeals from an order granting the petition seeking to modify a prior custody order. By the order on appeal, Family Court transferred primary physical residence of the parties' child from the mother to petitioner father. We agree with the mother that the father failed to establish the requisite change in circumstances to warrant modification of the existing custody order to ensure that the child's best interests were served (*see Matter of Betro v Carbone*, 50 AD3d 1583, 1584 [2008]). The father alleged in his petition that the mother had emotionally and physically abandoned the parties' child, the mother's relationship with the child had deteriorated, and the child had expressed her desire to live with the father. The evidence presented at the hearing on the petition, however, focused on the mother's work schedule and changes in the mother's residence. There was no showing at the hearing that the mother's work schedule had changed substantially since the entry of the prior custody order. In addition, although it was undisputed that the mother was forced to change residences after ending her relationship with her live-in boyfriend, the child remained in the same school district and maintained her customary summer camp schedule during the time that it took for the mother to secure a new permanent residence. "A long-term custodial arrangement . . . should not be modified unless it is demonstrated that 'the custodial parent is unfit or perhaps less fit' " (*Matter of Stevenson v Stevenson*, 70 AD3d 1515, 1515 [2010]), and it cannot be said that the changes in the residence of the mother rendered her either unfit or less fit.

We reject the contention of the attorney for the child that the mother was unfit because she allowed the child to travel to Pennsylvania without her. The evidence presented at the hearing concerning the circumstances of that trip "was scant and, in any event, insufficient to justify a change in custody" (*Matter of Witherow v Bloomingdale*, 40 AD3d 1203, 1205 [2007]). Indeed, there was no showing that the individuals caring for the child in Pennsylvania "put the child at risk in any fashion while [she was] in their care" (*id.* at 1204-1205). Finally, although the child wished to reside with her father, it is well settled that "the 'established custodial arrangement should not be changed solely to accommodate the desires of the child' " (*Betro*, 50 AD3d at 1584, quoting *Fox v Fox*, 177 AD2d 209, 211 [1992]). Present—Scudder, P.J., Peradotto, Lindley, Green and Gorski, JJ.