In the Matter of STEPHEN SCALA, Respondent, v LINDA EVANSON, Appellant. [911 NYS2d 435]—

In related child custody and visitation proceedings pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from (1) stated portions of an order of the Family Court, Suffolk County (Lynaugh, J.), dated June 4, 2010, which, after a hearing, inter alia, granted the father's petition to modify an order of the same court dated October 20, 2008, among other things, awarding her sole custody of the parties' child, so as to transfer sole custody of the child to the father, and (2) so much of an order of the same court, also dated June 4, 2010, as directed that her visitation with the child be supervised.

Ordered that the orders are affirmed, with costs, and the

matter is remitted to the Family Court, Suffolk County, for the setting of a visitation schedule in accordance with the second order dated June 4, 2010; and it is further,

Ordered that pending the setting of a visitation schedule in accordance with the second order dated June 4, 2010, the visitation schedule set forth in the decision and order on motion of this Court dated June 30, 2010, shall remain in effect.

"[W]here parents enter into an agreement regarding custody, it will not be set aside unless there is a sufficient change in circumstances since the time of the stipulation and unless the modification of the custody agreement is in the best interests of the [child]" (*Pambianchi v Goldberg*, 35 AD3d 688, 689 [2006] [internal quotations omitted]; *see Matter of Bauman v Abbate*, 48 AD3d 679, 680 [2008]; *Smoczkiewicz v Smoczkiewicz*, 2 AD3d 705, 706 [2003]). In this case, the Family Court correctly held a hearing on the issue of whether sole custody of the parties' son should be transferred to the father, as the father demonstrated a change in circumstances since the time of the stipulation based on the mother's unfounded allegations that he was abusing their child (*see Matter of Wilson v McGlinchey*, 2 NY3d 375, 380-381 [2004]; *Matter of Jean v Washington*, 71 AD3d 1145 [2010]; *Matter of Gurewich v Gurewich*, 58 AD3d 628 [2009]).

Contrary to the mother's contention, there is a sound and substantial basis in the record for the Family Court's determination that the child's best interests would be served by transferring sole custody of the child to the father and awarding her supervised visitation (*see Matter of Spicer v Fotiathis*, 58 AD3d 861 [2009]; *Matter of Ortiz v Ortiz*, 6 AD3d 619 [2004]; *Matter of Gago v Acevedo*, 214 AD2d 565 [1995]; *see also Eschbach v Eschbach*, 56 NY2d 167, 173-174 [1982]). However, we modify the orders to increase the mother's supervised visitation.

Although it was error to admit the report of the forensic psychologist into evidence over the mother's objection (*see Matter of Berrouet v Greaves*, 35 AD3d 460 [2006]; *Matter of Khan v Dolly*, 6 AD3d 437, 439 [2004]; *Wilson v Wilson*, 226 AD2d 711 [1996]), since there was a sound and substantial basis for the Family Court's determination without consideration of the report, that error was harmless (*see Matter of Taylor v Taylor*, 62 AD3d 1015 [2009]; *Matter of Sinnott-Turner v Kolba*, 60 AD3d 774, 776 [2009]).

The mother's remaining contentions are without merit. Covello, J.P., Dickerson, Belen and Lott, JJ., concur.