# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**665**

**CAF 10-00207**

PRESENT: SMITH, J.P., PERADOTTO, CARNI, SCONIERS, AND MARTOCHE, JJ.

---

IN THE MATTER JAMES R. CAREY,
PETITIONER-RESPONDENT,

V                                         MEMORANDUM AND ORDER

SARAH L. WINDOVER, RESPONDENT-APPELLANT.
-----------------------------------------
IN THE MATTER OF SARAH L. WINDOVER,
PETITIONER-APPELLANT,

V

JAMES R. CAREY, RESPONDENT-RESPONDENT.

---

PAUL M. DEEP, UTICA, FOR RESPONDENT-APPELLANT AND PETITIONER-APPELLANT.

WILLIAM H. GETMAN, WATERVILLE, FOR PETITIONER-RESPONDENT AND RESPONDENT-RESPONDENT.

DOREEN M. ST. THOMAS, ATTORNEY FOR THE CHILDREN, CLARK MILLS, FOR IOANNA C. AND SHAYA C.

---

Appeal from an order of the Family Court, Oneida County (John E. Flemma, J.H.O.), entered December 22, 2009 in proceedings pursuant to Family Court Act articles 6 and 8. The order, among other things, transferred physical custody of the parties' children to petitioner-respondent, James R. Carey.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent-petitioner mother appeals from an order that, inter alia, granted the petition of petitioner-respondent father seeking to modify the prior order of custody by awarding him primary physical custody of the parties' children and dismissed the mother's family offense petition. We affirm. We note at the outset that the mother failed to include in the record on appeal the prior order awarding her primary physical custody of the children and visitation to the father. Although "omission from the record on appeal of the order sought to be modified ordinarily would result in dismissal of the appeal [with respect to that order] . . ., there is no dispute [concerning] the access awarded [the mother] under the prior order and, as such, we elect to reach the merits" (*Matter of Dann v Dann*, 51

AD3d 1345, 1346-1347).

We reject the mother's contention that Family Court erred in determining that the father established the requisite change in circumstances to warrant modification of the existing custody arrangement.  " 'It is well established that alteration of an established custody arrangement will be ordered only upon a showing of a change in circumstances [that] reflects a real need for change to ensure the best interest[s] of the child' " (*Matter of Amy L.M. v Kevin M.M.*, 31 AD3d 1224, 1225; *see Matter of Chrysler v Fabian*, 66 AD3d 1446, *lv denied* 13 NY3d 715).  We conclude that the father met that burden by introducing evidence establishing that the mother moved four times in the year prior to the filing of his petition and that she sometimes stayed in a residence for only two or three weeks (*see Matter of Moore v Moore*, 78 AD3d 1630, *lv denied* 16 NY3d 704).  Furthermore, the father presented evidence, including testimony from a court-appointed special advocate, establishing that the conditions in the mother's new residence were not suitable for the children.  In contrast, the evidence in the record establishes that the father had a stable residence with appropriate beds for the children, and he was fully employed.  Consequently, "according due deference to [the c]ourt's assessment of witness credibility" (*Matter of Graves v Stockigt*, 79 AD3d 1170, 1171), we conclude that the court's determination to award primary physical custody of the children to the father is supported by a sound and substantial basis in the record and will not be disturbed (*see Matter of McLeod v McLeod*, 59 AD3d 1011).

We have considered the mother's remaining contention and conclude that it is without merit.

Entered:  June 10, 2011                          Patricia L. Morgan
                                                 Clerk of the Court