# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**341**
**CAF 11-00218**
PRESENT: CENTRA, J.P., LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

IN THE MATTER OF JOSEPH DINGELDEY,
PETITIONER-APPELLANT,

V                                             MEMORANDUM AND ORDER

ARLENE B. DINGELDEY, RESPONDENT-RESPONDENT.

---

ALAN BIRNHOLZ, EAST AMHERST, FOR PETITIONER-APPELLANT.

DENIS A. KITCHEN, JR., WILLIAMSVILLE, FOR RESPONDENT-RESPONDENT.

JEFFREY M. HARRINGTON, ATTORNEY FOR THE CHILD, WEST SENECA, FOR ANGELA
N.D.

---

Appeal from an order of the Family Court, Erie County (Kevin M.
Carter, J.), entered December 14, 2010 in a proceeding pursuant to
Family Court Act article 6.  The order denied the petition in part.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  In this custody proceeding pursuant to Family Court
Act article 6, petitioner father appeals from an order denying that
part of his petition seeking to modify the prior custody arrangement
with respect to the parties' daughter.  Pursuant to the judgment of
divorce, respondent mother had sole custody of both the daughter and
the parties' son.  During the course of the evidentiary hearing on the
petition, the parties agreed that custody of the son would be
transferred to the father, and the hearing continued with respect to
the daughter.  After the father rested, the mother moved for a
directed verdict on the ground that the father had failed to establish
a sufficient change of circumstances to modify custody of the
daughter.  The daughter's Attorney for the Child joined in the motion,
stating that the teenage daughter strongly preferred to continue
living with the mother in Erie County, rather than moving to Tennessee
to live with the father and his new wife.  Family Court granted the
motion based on the father's failure to establish a change of
circumstances, but the court nevertheless went on to state that, based
on the evidence presented by the father, it was not in the best
interests of the daughter to change custody to the father.

Even assuming, arguendo, that the father established "a change in
circumstances sufficient to warrant an inquiry into whether the best
interests of the [daughter] warranted a change in custody" (*Matter of*

*York v Zullich*, 89 AD3d 1447, 1448), "we conclude on the record before us that a change in custody would not be in the best interests of the [daughter]" (*Matter of VanDusen v Riggs*, 77 AD3d 1355, 1355; *see Matter of Walker v Cameron*, 88 AD3d 1307, 1308; *Matter of Yaddow v Bianco*, 67 AD3d 1430, 1431).  As the court stated in its decision granting the mother's motion for a directed verdict, although both parties have problems, the mother is taking active steps to deal with her problems, and, more importantly, the daughter is doing very well while under her care.  We also note that, "[w]hile the express wishes of [the] child[ ] are not controlling, they are entitled to great weight, particularly where [the child's] age and maturity would make [his or her] input particularly meaningful" (*Matter of Stevenson v Stevenson*, 70 AD3d 1515, 1516, *lv denied* 14 NY3d 712 [internal quotation marks omitted]; *see Matter of O'Connor v Dyer*, 18 AD3d 757, 757).  Here, the daughter, who is now 15 years old, expressed a strong desire to remain with her mother.  We therefore conclude that the court's custody determination is supported by a sound and substantial basis in the record and will not be disturbed (*see Matter of Messimore v Messimore*, 89 AD3d 1547; *Matter of McLeod v McLeod*, 59 AD3d 1011, 1011).

Entered:  March 23, 2012                    Frances E. Cafarell
                                            Clerk of the Court