# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

584

CAF 10-01947

PRESENT: SCUDDER, P.J., SMITH, FAHEY, AND LINDLEY, JJ.

---

IN THE MATTER OF DIANE K. MASON-CRIMI,
PETITIONER-APPELLANT,

V                                           MEMORANDUM AND ORDER

MICHAEL J. CRIMI, SR., RESPONDENT-RESPONDENT.
(APPEAL NO. 1.)

---

TIMOTHY R. LOVALLO, BUFFALO, FOR PETITIONER-APPELLANT.

RANDY S. MARGULIS, WILLIAMSVILLE, FOR RESPONDENT-RESPONDENT.

RONALD M. CINELLI, ATTORNEY FOR THE CHILD, BUFFALO, FOR MICHAEL J.C., JR.

---

Appeal from an order of the Family Court, Erie County (Debra L. Givens, A.J.), entered September 14, 2010 in a proceeding pursuant to Family Court Act article 6. The order, among other things, denied the petition to modify a prior order of custody and visitation.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner mother commenced the first of these consolidated proceedings seeking to modify a prior order of custody and visitation by awarding her sole custody of the parties' child. According to the mother, respondent father violated the prior order, pursuant to which he had sole custody of the child, by interfering with her visitation rights and restricting her telephone access to the child. The mother further alleged that the child wished to live with her. The mother commenced the second proceeding alleging that the father wilfully violated the visitation and access provisions of the prior order. Following an evidentiary hearing, Family Court slightly modified the mother's visitation schedule but denied her request for sole custody of the child. With respect to the violation petition, the court stated in its decision that the father "failed to provide counseling for the child," as required by the prior order, but that such violation "is not a basis for a change in custody in this case, rather it is the basis for a finding that [the father] did indeed violat[e] that provision of the [prior o]rder." The court added that the father's continued violation of the prior order in that regard "would mitigate against his continued appropriateness as a custodial parent."

As limited by her brief in appeal No. 1, the mother appeals from the order in the first proceeding insofar as it denied her request for sole custody of the child. In appeal No. 2, the mother appeals from the order in the second proceeding that did not indicate whether the petition was granted but, rather, merely stated that the court's decision was incorporated therein.

We reject the mother's contention in appeal No. 1 that the court's determination to maintain custody with the father is against the weight of the evidence. "It is well established that alteration of an established custody arrangement will be ordered only upon a showing of a change in circumstances [that] reflects a real need for change to ensure the best interest[s] of the child" (*Matter of Carey v Windover*, 85 AD3d 1574, 1574, *lv denied* 17 NY3d 710 [internal quotation marks omitted]). Here, the evidence amply supports the court's determination that the mother failed to establish a change of circumstances sufficient to warrant a modification of custody. There is no merit to the mother's contention in each appeal that the court erred in failing to sanction the father for violating the counseling provisions of the prior order. We note that neither petition filed by the mother alleged that the father violated the prior order by failing to arrange for counseling for the child. Instead, the petitions alleged that the father violated the visitation and access provisions of the prior order, and the court properly determined that the mother failed to prove such violations. In addition, it is not clear from the order in appeal No. 2 whether the court held the father in contempt of court. Even assuming, arguendo, that the court determined that the father had violated the order in a manner not alleged by the mother, we conclude that the court did not improvidently exercise its discretion in declining to sanction the father by fine or imprisonment (*see Kulhan v Courniotes*, 209 AD2d 383, 384). "The court's admonition to [the father] was sufficient in this instance" (*Matter of Palacz v Palacz*, 249 AD2d 930, 931, *lv dismissed* 92 NY2d 920).

Entered:  April 27, 2012                                    Frances E. Cafarell
                                                           Clerk of the Court