# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1185**
**CAF 12-01091**
PRESENT: SMITH, J.P., CENTRA, CARNI, AND WHALEN, JJ.

---

IN THE MATTER OF LINDA SMITH-GILSEY,
PETITIONER-APPELLANT,

V                                 MEMORANDUM AND ORDER

RICHARD D. GRISANTI, RESPONDENT-RESPONDENT.
------------------------------------------
IN THE MATTER OF RICHARD D. GRISANTI,
PETITIONER-RESPONDENT,

V

LINDA SMITH-GILSEY, RESPONDENT-APPELLANT.
(APPEAL NO. 1.)

---

MICHAEL STEINBERG, ROCHESTER, FOR PETITIONER-APPELLANT AND
RESPONDENT-APPELLANT.

RICHARD D. GRISANTI, RESPONDENT-RESPONDENT AND PETITIONER-RESPONDENT
PRO SE.

JANE E. MONAGHAN, ATTORNEY FOR THE CHILD, WARSAW.

---

Appeal from an order of the Family Court, Wyoming County (Michael F. Griffith, J.), entered February 2, 2012 in a proceeding pursuant to Family Court Act article 6. The order, among other things, denied the petition of petitioner-respondent for a modification of custody.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner-respondent mother appeals from two orders that, inter alia, denied her petition for a modification of custody (appeal No. 1) and changed her visitation schedule (appeal No. 2). We affirm the order in each appeal. A parent seeking to modify an existing custody order must demonstrate "a change in circumstances that reflects a genuine need for the modification so as to ensure the best interests of the child" (*Matter of Taylor v Fry*, 63 AD3d 1217, 1218; *see Matter of Sumner v Lyman*, 70 AD3d 1223, 1224, *lv denied* 14 NY3d 709). Although we agree with the mother that she met her burden of proving a change in circumstances because the parties' relationship had deteriorated and the child had missed numerous visitations with her, we conclude on the record before us " 'that a change in custody would not be in the best interests of the [child]' " (*Matter of*

*Dingeldey v Dingeldey*, 93 AD3d 1325, 1326).  Furthermore, the court properly exercised its discretion in crafting a visitation schedule that was in the child's best interests (*see Matter of Fox v Fox*, 93 AD3d 1224, 1225).

Contrary to the mother's contention, by requiring respondent-petitioner father to post an undertaking in a specified amount, the court properly imposed a meaningful sanction based on the father's failure to comply with orders concerning her visitation rights, to ensure that visitation occurred (*see generally Matter of Mason-Crimi v Crimi*, 94 AD3d 1572, 1573-1574; *Schoonheim v Schoonheim*, 92 AD2d 474, 474-475).  Finally, we reject the mother's contention that the court lacked jurisdiction over the instant matters, inasmuch as the father resides in Wyoming County (*see* Family Ct Act § 171).

Entered:  November 15, 2013                    Frances E. Cafarell
                                               Clerk of the Court