Appeal from an order of the Family Court, Wyoming County (Michael F. Griffith, J.), entered February 2, 2012 in a proceeding pursuant to Family Court Act article 6. The order, among other things, denied the petition of petitioner-respondent for a modification of custody.
It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner-respondent mother appeals from two orders that, inter alia, denied her petition for a modification of custody (appeal No. 1) and changed her visitation schedule (appeal No. 2). We affirm the order in each appeal. A parent seeking to modify an existing custody order must demonstrate “a change in circumstances that reflects a genuine need for the modification so as to ensure the best interests of the child” (Matter of Taylor v Fry, 63 AD3d 1217, 1218 [2009]; see Matter of Sumner v Lyman, 70 AD3d 1223, 1224 [2010], lv denied 14 *1425 NY3d 709 [2010]). Although we agree with the mother that she met her burden of proving a change in circumstances because the parties’ relationship had deteriorated and the child had missed numerous visitations with her, we conclude on the record before us “ ‘that a change in custody would not be in the best interests of the [child]’ ” (Matter of Dingeldey v Dingeldey, 93 AD3d 1325, 1326 [2012]). Furthermore, the court properly exercised its discretion in crafting a visitation schedule that was in the child’s best interests (see Matter of Fox v Fox, 93 AD3d 1224, 1225 [2012]).
Contrary to the mother’s contention, by requiring respondent-petitioner father to post an undertaking in a specified amount, the court properly imposed a meaningful sanction based on the father’s failure to comply with orders concerning her visitation rights, to ensure that visitation occurred (see generally Matter of Mason-Crimi v Crimi, 94 AD3d 1572, 1573-1574 [2012]; Schoonheim v Schoonheim, 92 AD2d 474, 474-475 [1983]). Finally, we reject the mother’s contention that the court lacked jurisdiction over the instant matters, inasmuch as the father resides in Wyoming County (see Family Ct Act § 171). Present— Smith, J.E, Centra, Garni and Whalen, JJ.