# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**687**

**CAF 12-02055**

PRESENT: CENTRA, J.P., LINDLEY, SCONIERS, VALENTINO, AND DEJOSEPH, JJ.

---

IN THE MATTER OF AMI J. FRISBIE,
PETITIONER-RESPONDENT,

V                                                      MEMORANDUM AND ORDER

THOMAS STONE, RESPONDENT-APPELLANT.

---

JEANNIE D. MICHALSKI, CONFLICT DEFENDER, GENESEO (P. ADAM MILITELLO OF COUNSEL), FOR RESPONDENT-APPELLANT.

JOHN M. LOCKHART, GENESEO, FOR PETITIONER-RESPONDENT.

ANDREW F. EMBORSKY, ATTORNEY FOR THE CHILD, LIMA.

---

Appeal from an order of the Family Court, Livingston County (Dennis S. Cohen, J.), entered October 19, 2012 in a proceeding pursuant to Family Court Act article 6. The order terminated the respondent's visitation with the subject child.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this proceeding pursuant to Family Court Act article 6, respondent father appeals from an order modifying the parties' existing custody arrangement by terminating the father's visitation rights with the subject child "until further order" of Family Court. We reject the father's contention that petitioner mother failed to establish a change of circumstances sufficient to justify modification of the prior custody order, which granted supervised visitation to the father. It is well established that "an existing visitation order will be modified only if the applicant demonstrates a change in circumstances that reflects a genuine need for the modification so as to ensure the best interests of the child" (*Matter of Taylor v Fry*, 63 AD3d 1217, 1218; *see Matter of Smith-Gilsey v Grisanti*, 111 AD3d 1424, 1424-1425). Here, the mother established, among other things, that the father allowed a man he met in jail to have sexual intercourse on multiple occasions with his older daughter, who was then 16 years old, in return for drugs. The man in question was convicted of rape in the third degree for having intercourse with the underage girl, and he testified at the custody hearing regarding the father's role in arranging the illegal sexual activity. The mother also established that the father, a two-time convicted felon, smoked crack cocaine in the presence of his older daughter.

Although the father correctly notes that his above-referenced conduct occurred before the prior custody order was entered, the mother asserted without contradiction that the father's conduct was not known by her or the court when the prior order was entered upon stipulation.  We conclude that the mother's newfound awareness of the father's prior conduct constitutes a sufficient change in circumstances to modify the father's visitation rights.  In any event, as the court properly determined, the mother established a change in circumstances that arose after entry of the prior order.  For instance, the mother established that, since the prior order was entered, the father experienced visual and auditory hallucinations and paranoia.  We thus conclude that there existed "compelling reasons and substantial evidence showing" that continued visitation with the father would be detrimental to the child (*Matter of Thaxton v Morro*, 222 AD2d 955, 956), and that the court's determination is in the child's best interests.

Entered:  June 20, 2014

Frances E. Cafarell
Clerk of the Court