■ In the Matter of CHERYL L. GROSS, Appellant, v WADE R. GROSS, Respondent. [988 NYS2d 836]—

Appeal from an order of the Family Court, Niagara County (John F. Batt, J.), entered July 24, 2013 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, dismissed the amended petition for a modification of custody.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: On appeal from an order that, inter alia, dismissed her amended petition seeking to modify a prior custody order, petitioner mother contends that the Family Court Judge presiding over the case should have recused himself. We reject that contention. Here, the Judge informed the parties that he and respondent father had a mutual friend and that he had met the father one or two times prior to the instant proceeding. The Judge further stated that he was not a friend of the father and that he did not believe there was any reason to recuse himself. The mother was given the opportunity to discuss the matter with her attorney, and "[the mother's attorney], after conferring with h[er] client, waived any objection. [The mother therefore] may not raise the issue now after consenting that the [Judge] hear the case" (*Matter of Arcarese v Monachino*, 58 AD2d 1030, 1031 [1977], *lv denied* 42 NY2d 810 [1977]; *see Matter of Shepard v Roll*, 278 AD2d 755, 757 [2000]).

We further conclude that the court properly dismissed the amended petition. "A party seeking a change in an established custody arrangement must show 'a change in circumstances [that] reflects a real need for change to ensure the best interest[s] of the child' " (*Matter of Di Fiore v Scott*, 2 AD3d 1417, 1417 [2003]; *see Matter of Carey v Windover*, 85 AD3d 1574, 1574 [2011], *lv denied* 17 NY3d 710 [2011]) and, here, the mother failed to meet that burden. The mother contends that she made a showing of the requisite change in circumstances with evidence of a change in her work schedule. At the hearing

on the amended petition, however, the mother admitted that her new work hours did not reduce the amount of time she could spend with the children during her scheduled visitation period. Thus, "[t]here was no showing at the hearing that the mother's work schedule had changed substantially since the entry of the prior custody order" (*Matter of Porter v Nesbitt*, 74 AD3d 1786, 1787 [2010]; *cf. Matter of Amy L.M. v Kevin M.M.*, 31 AD3d 1224, 1225 [2006]). Present—Centra, J.P., Fahey, Lindley, Valentino and DeJoseph, JJ.