# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**822**

**CAF 13-01441**

PRESENT: CENTRA, J.P., FAHEY, LINDLEY, VALENTINO, AND DEJOSEPH, JJ.

---

IN THE MATTER OF CHERYL L. GROSS,
PETITIONER-APPELLANT,

V                                                    MEMORANDUM AND ORDER

WADE R. GROSS, RESPONDENT-RESPONDENT.

---

DAVID J. FARRUGIA, PUBLIC DEFENDER, LOCKPORT (MARY-JEAN BOWMAN OF
COUNSEL), FOR PETITIONER-APPELLANT.

MELISSA A. CAVAGNARO, ATTORNEY FOR THE CHILDREN, BUFFALO.

---

Appeal from an order of the Family Court, Niagara County (John F.
Batt, J.), entered July 24, 2013 in a proceeding pursuant to Family
Court Act article 6. The order, inter alia, dismissed the amended
petition for a modification of custody.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: On appeal from an order that, inter alia, dismissed
her amended petition seeking to modify a prior custody order,
petitioner mother contends that the Family Court Judge presiding over
the case should have recused himself. We reject that contention.
Here, the Judge informed the parties that he and respondent father had
a mutual friend and that he had met the father one or two times prior
to the instant proceeding. The Judge further stated that he was not a
friend of the father and that he did not believe there was any reason
to recuse himself. The mother was given the opportunity to discuss
the matter with her attorney, and "[the mother's attorney], after
conferring with h[er] client, waived any objection. [The mother
therefore] may not raise the issue now after consenting that the
[Judge] hear the case" (*Matter of Arcarese v Monachino*, 58 AD2d 1030,
1031, *lv denied* 42 NY2d 810; *see Matter of Shepard v Roll*, 278 AD2d
755, 757).

We further conclude that the court properly dismissed the amended
petition. "A party seeking a change in an established custody
arrangement must show 'a change in circumstances [that] reflects a
real need for change to ensure the best interest[s] of the child' "
(*Matter of Di Fiore v Scott*, 2 AD3d 1417, 1417; *see Matter of Carey v
Windover*, 85 AD3d 1574, 1574, *lv denied* 17 NY3d 710) and, here, the
mother failed to meet that burden. The mother contends that she made
a showing of the requisite change in circumstances with evidence of a

change in her work schedule. At the hearing on the amended petition, however, the mother admitted that her new work hours did not reduce the amount of time she could spend with the children during her scheduled visitation period. Thus, "[t]here was no showing at the hearing that the mother's work schedule had changed substantially since the entry of the prior custody order" (*Matter of Porter v Nesbitt*, 74 AD3d 1786, 1787; *cf. Matter of Amy L.M. v Kevin M.M.*, 31 AD3d 1224, 1225).

Entered: July 11, 2014                                Frances E. Cafarell
                                                     Clerk of the Court