# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**11**

**CAF 13-00872**

PRESENT: SCUDDER, P.J., CENTRA, LINDLEY, SCONIERS, AND DEJOSEPH, JJ.

---

IN THE MATTER OF JENNIFER RICE,
PETITIONER-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

LORI COLE, RESPONDENT,
AND MICHAEL WIGHTMAN, RESPONDENT-APPELLANT.

---

TYSON BLUE, MACEDON, FOR RESPONDENT-APPELLANT.

M. KATHLEEN CURRAN, ATTORNEY FOR THE CHILD, CANANDAIGUA.

------------------------------------------------------------------------------------

Appeal from an order of the Family Court, Ontario County (Stephen D. Aronson, A.J.), entered April 9, 2013 in a proceeding pursuant to Family Court Act article 6. The order, among other things, directed that respondent Michael Wightman have supervised visitation with the parties' child.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this proceeding under Family Court Act article 6, respondent father appeals from an order modifying the existing custody/visitation arrangement by directing that he have supervised visitation with the parties' child. We conclude that petitioner mother established a sufficient " 'change in circumstances that reflects a genuine need for the modification so as to ensure the best interests of the child' " (*Matter of Frisbie v Stone*, 118 AD3d 1471, 1472). Here, the mother established that the father was engaged in an altercation with the child's grandmother in front of the child, resulting in police intervention, and that the father fired a shot from a BB gun that narrowly missed hitting the child while she was trying to set up a target (*see generally Raychelle J. v Kendall K.*, 121 AD3d 1206, 1207-1208). Furthermore, we conclude that Family Court's determination to impose supervised visitation is supported by the requisite " 'sound and substantial basis in the record' " (*Matter of Vasquez v Barfield*, 81 AD3d 1398, 1398; *see generally Frisbie*, 118 AD3d at 1472).

Although we agree with the father that the court erred in considering his 2010 mental health evaluation rather than his 2012 mental health evaluation, which was stipulated into evidence and is part of the record on appeal, we nevertheless conclude that the error is harmless. Even absent consideration of the 2010 or 2012

evaluation, there is a sound and substantial basis in the record for the court's determination to order supervised visitation (*see generally Matter of Scala v Evanson*, 78 AD3d 954, 955).

Entered:  February 13, 2015                    Frances E. Cafarell
                                               Clerk of the Court