# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**908**

**CAF 14-01645**

PRESENT: SCUDDER, P.J., SMITH, CENTRA, PERADOTTO, AND CARNI, JJ.

---

IN THE MATTER OF JAIMYCE L. MCCLINTON,
PETITIONER-APPELLANT,

V                                                MEMORANDUM AND ORDER

BARSUN U. KIRKMAN, RESPONDENT-RESPONDENT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (JOHN M. WESLEY OF COUNSEL), FOR PETITIONER-APPELLANT.

CHRISTOPHER E. BURKE, ATTORNEY FOR THE CHILD, SYRACUSE.

---

Appeal from an order of the Family Court, Onondaga County (Michael L. Hanuszczak, J.), entered August 4, 2014 in a proceeding pursuant to Family Court Act article 6. The order, insofar as appealed from, granted the motion of respondent to dismiss and dismissed the amended petition.

It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the amended petition is reinstated, and the matter is remitted to Family Court, Onondaga County, for further proceedings in accordance with the following memorandum: Petitioner mother commenced this proceeding seeking, inter alia, to modify a prior order pursuant to which respondent father had sole custody of the parties' child. We agree with the mother that Family Court erred in granting the father's motion to dismiss the amended petition at the close of the mother's case.

"It is well established that alteration of an established custody arrangement will be ordered only upon a showing of a change in circumstances which reflects a real need for change to ensure the best interest[s] of the child" (*Matter of Irwin v Neyland*, 213 AD2d 773, 773; *see Matter of Moore v Moore*, 78 AD3d 1630, 1630, *lv denied* 16 NY3d 704). "Where, as here, 'a respondent moves to dismiss a modification proceeding at the conclusion of the petitioner's proof, the court must accept as true the petitioner's proof and afford the petitioner every favorable inference that reasonably could be drawn therefrom' " (*Matter of Walters v Francisco*, 63 AD3d 1610, 1611; *see Matter of Gelster v Burns*, 122 AD3d 1294, 1295, *lv denied* 24 NY3d 915). Here, accepting the mother's proof as true and affording her the benefit of every favorable inference, we conclude that she "presented sufficient prima facie evidence of a change of circumstances [that] might warrant modification of custody in the best interests of the child" (*Matter of James R.O. v Cond-Arnold*, 99 AD3d

801, 801-802; *see Matter of Maher v Maher*, 1 AD3d 987, 988).

First, the mother established through her testimony and documentary exhibits that, for a significant period of time, the child resided with the paternal grandmother in Syracuse while the father "live[d] out of Syracuse." Such evidence establishes that the father "abdicated [his] role as the child's primary caregiver, at least temporarily, by leaving the child with the grandmother" (*Matter of Hetherton v Ogden*, 79 AD3d 1172, 1173; *see Matter of Blasdell v DeGolier*, 303 AD2d 1045, 1047; *cf. Matter of Williams v Williams*, 188 AD2d 906, 908). Second, the mother established that her "work schedule had changed substantially since the entry of the prior custody order" (*Matter of Porter v Nesbitt*, 74 AD3d 1786, 1787; *cf. Matter of Gross v Gross*, 119 AD3d 1453, 1453-1454), inasmuch as her status in the Army Reserves had changed to inactive and thus she would not be called to active duty training or deployed.

Based on the foregoing, we conclude that the mother "met [her] burden of demonstrating a sufficient change in circumstances to require consideration of the welfare of the child[ ]" (*Maher*, 1 AD3d at 988). Because the court did not proceed with a full hearing, we do not have an adequate record upon which to make our own determination in the interest of judicial economy (*cf. id.*). We therefore reinstate the amended petition and remit the matter to Family Court for a hearing and determination of custody based on the best interests of the child before a different judge, and we agree with the mother that she is entitled to a ruling on merits of her motion for discovery sanctions.

Entered:  October 2, 2015                          Frances E. Cafarell
                                                   Clerk of the Court