# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**643.1**
**CA 16-00174**
PRESENT: PERADOTTO, J.P., CARNI, CURRAN, TROUTMAN, AND SCUDDER, JJ.

---

NICOLE MILLER, NOW KNOWN AS NICOLE BOGGS,
PLAINTIFF-RESPONDENT,

V                                           MEMORANDUM AND ORDER

DAVID MILLER, DEFENDANT-APPELLANT.
-----------------------------------------------
GARY MULDOON, ESQ., ATTORNEY FOR THE CHILDREN,
APPELLANT.
(APPEAL NO. 1.)

---

GARY MULDOON, ATTORNEY FOR THE CHILDREN, ROCHESTER, APPELLANT PRO SE.

MICHAEL D. SCHMITT, ROCHESTER, FOR DEFENDANT-APPELLANT.

MAUREEN A. PINEAU, ROCHESTER, FOR PLAINTIFF-RESPONDENT.

---

Appeals from an order of the Supreme Court, Monroe County (John M. Owens, A.J.), entered February 1, 2016. The order, insofar as appealed from, dismissed defendant's application, by order to show cause, to modify the judgment of divorce by granting defendant sole custody of the parties' children and vacated the temporary order that granted defendant custody of the parties' children, with supervised visitation with plaintiff.

It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, defendant's application filed on June 17, 2015 and the temporary order signed on June 18, 2015 are reinstated, and the matter is remitted to Supreme Court, Monroe County, for further proceedings on the application.

Memorandum: Defendant father sought, by order to show cause, to modify the judgment of divorce, which incorporated but did not merge the parties' agreement providing for joint custody of their two children, with physical placement with the father and extensive visitation with plaintiff mother. Supreme Court granted the father temporary custody of the parties' two children, with supervised visitation with the mother, and the matter was referred to a judicial hearing officer (JHO) to hear and determine, inter alia, the father's application to modify the judgment of divorce. The JHO granted the mother's motion to dismiss the father's application with prejudice at the close of his proof, and the court thereafter vacated the temporary order and "fully restored" the provisions of the prior agreement as incorporated but not merged in the judgment of divorce. This Court

granted the motion of the Attorney for the Child (AFC) to stay the order pending appeal.  We agree with the father and the AFC that the JHO erred in granting the mother's motion and thus that the court erred in vacating the temporary order and restoring the parties' custody agreement at this juncture.

"It is well established that alteration of an established custody arrangement will be ordered only upon a showing of a change in circumstances which reflects a real need for change to ensure the best interest[s] of the child[ren] . . . Where, as here, [the mother] moves to dismiss a modification proceeding at the conclusion of the [father's] proof, the court must accept as true the [father's] proof and afford the [father] every favorable inference that reasonably could be drawn therefrom" (*Matter of McClinton v Kirkman*, 132 AD3d 1245, 1245-1246 [internal quotation marks omitted]).  Accepting the father's proof as true (*see id.* at 1246), we conclude that the father established, inter alia, that the older child called 911 at the mother's suggestion, allegedly because he did not want to go to the father's house, and was taken by emergency personnel for a mental health assessment and released to the father's custody; that the mother told a neighbor on several occasions that the father had physically and/or sexually abused the children; that the mother discussed the court proceedings with the children; and that the court-appointed psychologist determined that the mother's mental health issues affected her ability to co-parent and that the stress caused by the older child's behavior affected the mother's ability to parent the children effectively.  We conclude that the father met his " 'burden of demonstrating a sufficient change in circumstances to require consideration of the welfare of the child[ren]' " (*id.*).

We also agree with the father and the AFC that the JHO erred in refusing to admit in evidence the report of the court-appointed psychologist on the ground that the report was not the "best evidence" because the psychologist was available to testify.  The " 'oft-mentioned and much misunderstood' best evidence rule simply requires the production of an *original writing* where its contents are in dispute and sought to be proven" (*Schozer v William Penn Life Ins. Co. of N.Y.*, 84 NY2d 639, 643 [emphasis added]), and thus that rule is not applicable here (*see generally Chamberlain v Amato*, 259 AD2d 1048, 1048-1049).  We reject the contention of the AFC that the court erred in requiring the admission in evidence of three cellular telephones as the best evidence of the content of text messages between, inter alia, the parties, particularly in view of the father's failure to offer in evidence an authenticated "copy-and-paste document of [the] text message conversation[s]" (*People v Agudelo*, 96 AD3d 611, 611-612, *lv denied* 20 NY3d 1095).  We have considered the remaining contentions of the father and the AFC and conclude that none requires any further corrective action by this Court.


Entered:  July 1, 2016                        Frances E. Cafarell
                                              Clerk of the Court