Matter of White v Stone (2018 NY Slip Op 06679)





Matter of White v Stone


2018 NY Slip Op 06679


Decided on October 5, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, DEJOSEPH, AND CURRAN, JJ.


1057 CAF 17-00125

[*1]IN THE MATTER OF BRIDGETTE WHITE, PETITIONER-APPELLANT,
v
MARK STONE, RESPONDENT-RESPONDENT. 






MARK D. FUNK, CONFLICT DEFENDER, ROCHESTER (KATHLEEN P. REARDON OF COUNSEL), FOR PETITIONER-APPELLANT. 
TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (TIMOTHY S. DAVIS OF COUNSEL), FOR RESPONDENT-RESPONDENT.
SARA E. ROOK, ROCHESTER, ATTORNEY FOR THE CHILD.


 Appeal from an order of the Family Court, Monroe County (Thomas W. Polito, R.), entered July 26, 2016 in a proceeding pursuant to Family Court Act article 6. The order, among other things, denied the petition for modification of custody. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner mother appeals from an order that, among other things, denied her petition seeking modification of a judgment of divorce, which incorporated but did not merge the parties' separation agreement providing for joint legal custody of the subject child with primary physical custody to respondent father and visitation to the mother. "Where an order of custody and visitation is entered on stipulation, a court cannot modify that order unless a sufficient change in circumstances—since the time of the stipulation—has been established, and then only where a modification would be in the best interests of the children" (Matter of Hight v Hight, 19 AD3d 1159, 1160 [4th Dept 2005] [internal quotation marks omitted]; see Matter of Maracle v Deschamps, 124 AD3d 1392, 1392 [4th Dept 2015]). Although we agree with the mother that Family Court erred in determining that she failed to establish that there was a sufficient change in circumstances after the time of the stipulation (see Matter of Frisbie v Stone, 118 AD3d 1471, 1472 [4th Dept 2014]; Matter of Knight v Knight, 92 AD3d 1090, 1092 [3d Dept 2012]), we conclude that the court's further determination that it was in the child's best interests to remain in the primary physical custody of the father is supported by a sound and substantial basis in the record (see Melissa C.D. v Rene I.D., 117 AD3d 407, 408-411 [1st Dept 2014]; Matter of Schick v Schick, 72 AD3d 1100, 1100-1101 [2d Dept 2010]; Matter of Charpentier v Rossman, 264 AD2d 393, 393 [2d Dept 1999]).
We reject the mother's contention that the court abused its discretion in refusing to find the father in civil contempt of court for disobeying prior court orders inasmuch as the mother failed to establish by clear and convincing evidence the elements necessary to support such a finding (see generally El-Dehdan v El-Dehdan, 26 NY3d 19, 29 [2015]).
Even assuming, arguendo, that the mother preserved for our review her further contention that the court erred in refusing to recuse itself, we conclude that her contention lacks merit. "[T]he record establishes that the court treated the parties fairly, made appropriate evidentiary rulings, and did not have a predetermined outcome of the case in mind during the proceedings" (Matter of Biancoviso v Barona, 150 AD3d 990, 991 [2d Dept 2017]; see Matter of Roseman v Sierant, 142 AD3d 1323, 1325 [4th Dept 2016]).
Finally, under the circumstances of this case, we reject the mother's contention that the court abused its discretion in conducting an in camera interview with the child before commencement of the fact-finding hearing (see Matter of Christine TT. v Dino UU., 143 AD3d 1065, 1068 [3d Dept 2016]; see generally Matter of Lincoln v Lincoln, 24 NY2d 270, 272 [1969]).
Entered: October 5, 2018
Mark W. Bennett
Clerk of the Court