Matter of Heinsler v Sero (2019 NY Slip Op 08052)





Matter of Heinsler v Sero


2019 NY Slip Op 08052


Decided on November 8, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.


987 CAF 18-01012

[*1]IN THE MATTER OF DESIRAE C. HEINSLER, PETITIONER-APPELLANT,
v
ROSEMARIE SERO, RESPONDENT-RESPONDENT. (APPEAL NO. 1.) 






DAVID J. PAJAK, ALDEN, FOR PETITIONER-APPELLANT.
JACQUELINE M. GRASSO, BATAVIA, ATTORNEY FOR THE CHILDREN. 


 Appeal from an order of the Family Court, Genesee County (Eric R. Adams, J.), entered May 24, 2018 in a proceeding pursuant to Family Court Act article 6. The order dismissed the petition. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the petition is reinstated, and the matter is remitted to Family Court, Genesee County, for further proceedings in accordance with the following memorandum: In these consolidated appeals, petitioner mother appeals from two orders that dismissed her petitions seeking to modify a prior stipulated order granting respondent great aunt custody of the mother's three children. Inasmuch as there has been a prior judicial determination of extraordinary circumstances supporting the award of custody to respondent, "the appropriate standard in addressing the possible modification of the prior order is whether there has been a change of circumstances" warranting an inquiry whether modification of custody or visitation is in the best interests of the children (Matter of Guinta v Doxtator, 20 AD3d 47, 51 [4th Dept 2005]). We agree with the mother that Family Court erred in granting respondent's motion to dismiss the petitions at the close of the mother's case on the ground that the mother failed to establish a sufficient change in circumstances since entry of the stipulated order (see Matter of McClinton v Kirkman, 132 AD3d 1245, 1245-1246 [4th Dept 2015]; cf. Matter of Mathewson v Sessler, 94 AD3d 1487, 1489 [4th Dept 2012], lv denied 19 NY3d 815 [2012]; see also Matter of Amy L.M. v Kevin M.M., 31 AD3d 1224, 1225 [4th Dept 2006]). At the time the prior order of custody and visitation was entered, the mother did not have a vehicle or employment, and she lived with a man who was prohibited by court order from having any contact with the subject children. The mother established that, at the time of the hearing, she owned a car, worked full-time, and no longer lived with or had a relationship with the aforementioned man. Indeed, in its oral decision dismissing the petitions, the court noted that the mother had "improved" herself and that it was "impressed" with her progress. Based on the foregoing, we conclude that the mother "met [her] burden of demonstrating a sufficient change in circumstances to require consideration of the welfare of the child[en]" (McClinton, 132 AD3d at 1246 [internal quotation marks omitted]).
Where the record is sufficient to make our own best interests determination, this Court "will do so in the interests of judicial economy and the well-being of the child[ren]' " (Matter of Cole v Nofri, 107 AD3d 1510, 1512 [4th Dept 2013], appeal dismissed 22 NY3d 1083 [2014]). Here, however, the court dismissed the petitions before respondent testified or offered any evidence and, thus, we do not have "an adequate record upon which to make our own determination in the interest of judicial economy" (McClinton, 132 AD3d at 1246; cf. Matter of Maher v Maher, 1 AD3d 987, 988 [4th Dept 2003]; see generally Matter of Austin v Austin, 254 AD2d 703, 703-704 [4th Dept 1998]). We therefore reverse the orders, reinstate the petitions and remit the matters to Family Court for a new hearing to determine whether the modifications sought by the mother in her petitions are in the children's best interests.
Based on our determination, we do not address the mother's remaining contention regarding custody and visitation.
The mother further contends that she established that respondent had violated the prior order of custody and visitation. That contention is " beyond our review' " inasmuch as the mother did not appeal from the order dismissing the violation petitions (Matter of Carroll v Chugg, 141 AD3d 1106, 1106 [4th Dept 2016]). In any event, the mother stipulated to the order dismissing those petitions, and it is well settled that "no appeal lies from an order entered upon the parties' consent" (Matter of Fox v Coleman, 93 AD3d 1187, 1187 [4th Dept 2012]; see Matter of Adney v Morton, 68 AD3d 1742, 1742 [4th Dept 2009]).
Entered: November 8, 2019
Mark W. Bennett
Clerk of the Court