Appeal from an order of Supreme Court, Steuben County (Sirkin, J.), entered September 11, 2002, which equitably distributed the parties’ assets.
*972 It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.
Memorandum: Plaintiff wife commenced this action seeking equitable distribution of marital property after obtaining a foreign divorce. Supreme Court erred in failing to set forth the factors it considered and the reasons for its determination with respect to the equitable distribution of the parties’ assets (see Domestic Relations Law § 236 [B] [5] [d], [g]; O’Brien v O’Brien, 66 NY2d 576, 589 [1985]). However, we exercise our authority to make the necessary determinations where, as here, the record is sufficient to allow us to do so.
Plaintiff does not dispute the court’s valuation of the marital assets, but rather, contends that she is entitled to a greater than 50% share of those assets. In particular, plaintiff contends that she should be awarded the entire equity in the marital residence. We disagree. The parties were married in India and, at the time of the marriage, defendant owned property in India but neither party had any income. The parties moved to the United States shortly thereafter and remained here for much of the duration of their 18-year marriage. During the marriage, defendant worked while plaintiff stayed at home and cared for the children. At the time of the commencement of the divorce action, defendant earned approximately $4,500 per month and plaintiff was unemployed. The parties were divorced in India in 1996 and the Indian court ordered defendant to pay maintenance to plaintiff. At the time of trial, defendant resided in the marital residence in New York while plaintiff resided in India. Although plaintiff is currently unemployed, she has a Master’s degree in special education. Under these circumstances, the court properly divided the marital assets equally (see Harrington v Harrington, 300 AD2d 861, 862 [2002]; Atwal v Atwal [appeal No. 2], 270 AD2d 799 [2000], lv denied 95 NY2d 761 [2000]). Contrary to the further contention of plaintiff, the court did not abuse its discretion in denying her request to testify by telephone. Present—Green, J.P., Wisner, Hurlbutt, Kehoe and Hayes, JJ.