▬ In the Matter of BRITTANY LOUISA BALLS, Respondent, v RYAN DOLIVER, Appellant. [900 NYS2d 210]—

Appeal from an order of the Family Court, Oneida County (John E. Flemma, J.H.O.), entered April 18, 2009 in a proceeding pursuant to Family Court Act article 6. The order, among other things, granted petitioner sole custody of the parties' child.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs and the matter is remitted to Family Court, Oneida County, for a hearing on the petition.

Memorandum: Respondent father appeals from an order granting petitioner mother sole custody of the parties' child. We agree with the father that Family Court erred in granting the petition. First, to the extent that the court entered the order upon "default" based on the father's failure to appear in court, that was error. "The record establishes that the father was represented by counsel, and we have previously determined that, '[w]here a party fails to appear [in court on a scheduled date] but is represented by counsel, the order is not one entered

upon the default of the aggrieved party and appeal is not precluded' " (*Matter of Pollard v Pollard*, 63 AD3d 1628 [2009]; *see Matter of Hopkins v Gelia*, 56 AD3d 1286 [2008]). Second, the court erred in granting the petition without conducting an evidentiary hearing. " '[U]nless there is sufficient evidence before the court to enable it to undertake a comprehensive independent review of the [child]'s best interests . . . , a determination of a custody matter should only be made after a full evidentiary hearing' . . . [and t]he record does not contain sufficient evidence supporting the award of sole legal custody to [the mother]" (*Matter of David A.A. v Maryann A.*, 41 AD3d 1300, 1300 [2007]; *see Hopkins*, 56 AD3d 1286 [2008]). We therefore reverse the order and remit the matter to Family Court for a hearing on the petition. Present—Centra, J.P., Peradotto, Lindley, Sconiers and Gorski, JJ.