■ In the Matter of Matthew Stiles, Respondent, v Jill M. Edwards, Appellant. [901 NYS2d 888]—

Appeal from an order of the Family Court, Steuben County (Timothy K. Mattison, J.H.O.), entered December 11, 2009 in a proceeding pursuant to Domestic Relations Law article 5-A. The order awarded custody of the parties' child to petitioner.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner father commenced this proceeding pursuant to Domestic Relations Law article 5-A, seeking custody of the parties' child after respondent mother took the child to Oregon, then to Georgia, and then back to Oregon. The father alleged that the mother's actions in doing so were in contravention of the stipulation of the parties, and that the mother had refused to return the child to New York. Contrary to the contention of the mother, Family Court "did not abuse its discretion in denying her request to testify by telephone" (*Shiva-Prasad v Shiva-Prasad*, 1 AD3d 971, 972 [2003]). The mother contends for the first time on appeal that the court deprived her of the right to a fair hearing by proceeding in her absence, and thus that contention is not properly before us (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985 [1994]). In any event, that conten-

tion is without merit. The mother in fact appeared by counsel and, although she had notice of the hearing, she chose not to attend.

The record does not support the further contention of the mother that the court erred in awarding custody of the child to the father based solely upon her default in appearing. Rather, the record establishes that the court "properly placed great[ ] emphasis and concern upon the mother's failure to value and support the child's relationship with the father . . . , as shown by evidence in the record of her active interference with the father's scheduled parenting time on more than one occasion . . . , her failure to . . . comply with the prior . . . order[s] relative to returning to the region . . . , and her failure to offer evidence of compelling circumstances requiring her relocation of the child to" Oregon, Georgia, and then back to Oregon (*Matter of Memole v Memole*, 63 AD3d 1324, 1327 [2009]; *see Matter of Dunaway v Espinoza*, 23 AD3d 928, 929 [2005]). Consequently, based "[o]n our review of the record, we find that the court had a sound and substantial basis for the change of custody and that the best interests of the child were served by the change" (*Matter of Gill v Gill*, 135 AD2d 1090, 1091 [1987]). Present— Smith, J.P., Lindley, Sconiers, Pine and Gorski, JJ.