# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**444**

**CAF 11-01102**

PRESENT: SMITH, J.P., LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

IN THE MATTER OF ALICE TRIPLETT,
PETITIONER-RESPONDENT,

V                                             MEMORANDUM AND ORDER

DARRYL SCOTT, RESPONDENT-APPELLANT.

---

DEBORAH J. SCINTA, ORCHARD PARK, FOR RESPONDENT-APPELLANT.

DENIS A. KITCHEN, JR., WILLIAMSVILLE, FOR PETITIONER-RESPONDENT.

CARLA E. HIGGINS, ATTORNEY FOR THE CHILD, BUFFALO, FOR JIHAD S.

---

Appeal from an order of the Family Court, Erie County (Kevin M. Carter, J.), entered March 25, 2011 in a proceeding pursuant to Family Court Act article 6. The order, among other things, granted petitioner custody of the subject child.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating those parts stating that the order is entered upon the default of respondent and that respondent failed to appear before Family Court, and as modified the order is affirmed without costs.

Memorandum: In this proceeding pursuant to Family Court Act article 6, respondent father appeals from an order that, inter alia, granted sole custody of the subject child to petitioner mother. Initially, we reject the contention of the mother and the Attorney for the Child that the appeal must be dismissed on the ground that it was entered upon the father's default. Although the order on appeal is denominated an "Order of Custody and Visitation on Default," Family Court repeatedly stated during the proceedings and in its bench decision that the father was not in default. It is settled that, where "an order and decision conflict, the decision controls" (*Matter of Christina M.*, 247 AD2d 867, 867, *lv denied* 91 NY2d 812; *see Matter of Alexis H.*, 90 AD3d 1679, 1679; *Matter of Van Orman v Van Orman*, 19 AD3d 1167, 1168). In any event, "[t]he record establishes that the father was represented by counsel, and we have previously determined that, [w]here a party fails to appear [in court on a scheduled date] but is represented by counsel, the order is not one entered upon the default of the aggrieved party and appeal is not precluded" (*Matter of Balls v Doliver*, 72 AD3d 1618, 1618-1619 [internal quotation marks omitted]; *see Matter of Hopkins v Gelia*, 56 AD3d 1286). Consequently, the order incorrectly reflects that it is entered upon the default of

the father and that the father failed to appear before Family Court to answer the petition inasmuch as his attorney appeared in court to represent him, and we therefore modify the order accordingly.

The father's contention that the court abused its discretion in conducting the hearing in his absence "is without merit.  The [father] in fact appeared by counsel and, although [he] had notice of the hearing, [he] chose not to attend" (*Matter of Stiles v Edwards*, 74 AD3d 1869, 1870; *cf. Matter of Kendra M.*, 175 AD2d 657, 658). Contrary to the father's further contention, the court properly awarded sole custody to the mother.  The court's determination after a hearing that the best interests of the child are served by awarding sole custody to the mother is entitled to great deference (*see Eschbach v Eschbach*, 56 NY2d 167, 173-174), "particularly in view of the hearing court's superior ability to evaluate the character and credibility of the witnesses" (*Matter of Thillman v Mayer*, 85 AD3d 1624, 1625).  Here, the bench decision demonstrates that the court engaged in a "careful weighing of [the] appropriate factors" (*Matter of Pinkerton v Pensyl*, 305 AD2d 1113, 1114), and its determination has a sound and substantial basis in the record (*see Betro v Carbone*, 5 AD3d 1110, 1110; *Matter of Thayer v Ennis*, 292 AD2d 824, 825).

Entered:  April 20, 2012                    Frances E. Cafarell
                                            Clerk of the Court