Matter of Williams v Richardson (2020 NY Slip Op 01975)





Matter of Williams v Richardson


2020 NY Slip Op 01975


Decided on March 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., WINSLOW, BANNISTER, AND DEJOSEPH, JJ.


76 CAF 18-01607

[*1]IN THE MATTER OF JAMES. WILLIAMS, PETITIONER-APPELLANT, 
v
KRYSTAL D. RICHARDSON, RESPONDENT-RESPONDENT.






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (KRISTEN N. MCDERMOTT OF COUNSEL), FOR PETITIONER-APPELLANT.


 Appeal from an order of the Family Court, Onondaga County (William W. Rose, R.), entered August 2, 2018 in a proceeding pursuant to Family Court Act article 6. The order, among other things, granted respondent sole legal and physical custody of the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by striking the words "upon the default of the petitioner and" from the paragraph preceding the ordering paragraphs, and as modified the order is affirmed without costs.
Memorandum: Petitioner father commenced this proceeding seeking to modify a prior order of custody that, inter alia, awarded sole legal and physical custody of the subject child to respondent mother. The father now appeals from an order that, inter alia, continued sole legal and physical custody of the subject child with the mother.
We agree with the father that Family Court erred in entering the order upon his default based on his failure to appear in court. The record establishes that the father "was represented by counsel, and we have previously determined that, [w]here a party fails to appear [in court on a scheduled date] but is represented by counsel, the order is not one entered upon the default of the aggrieved party and appeal is not precluded" (Matter of Abdo v Ahmed, 162 AD3d 1742, 1743 [4th Dept 2018] [internal quotation marks omitted]). We therefore modify the order accordingly.
Contrary to the father's further contention, however, the court did not abuse its discretion in conducting the hearing in his absence inasmuch as he appeared by counsel and had notice of the hearing (see Matter of Triplett v Scott, 94 AD3d 1421, 1422 [4th Dept 2012]). We similarly reject the father's contention that the court erred in continuing sole legal and physical custody of the child with the mother. The father failed to establish the requisite change in circumstances (see Matter of Porter v Nesbitt, 74 AD3d 1786, 1787 [4th Dept 2010]), and thus an inquiry into the best interests of the child was not warranted (see generally Matter of Pierre N. v Tasheca O., 173 AD3d 1408, 1408-1409 [3d Dept 2019], lv denied 34 NY3d 902 [2019]).
Entered: March 20, 2020
Mark W. Bennett
Clerk of the Court