Matter of Akol v Afet (2022 NY Slip Op 03641)

Matter of Akol v Afet

2022 NY Slip Op 03641

Decided on June 3, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 3, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, CURRAN, AND BANNISTER, JJ.

441 CAF 20-01518

[*1]IN THE MATTER OF NYIBOUL M. AKOL, PETITIONER-RESPONDENT,
v
MAKOR AFET, RESPONDENT-APPELLANT. 

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (DANIELLE K. BLACKABY OF COUNSEL), FOR RESPONDENT-APPELLANT. 

 Appeal from an order of the Family Court, Onondaga County (Julie A. Cecile, J.), entered August 28, 2020 in a proceeding pursuant to Family Court Act article 6. The order, among other things, awarded petitioner sole legal and physical custody of the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating those parts stating that the order is entered upon the default of respondent and that respondent failed to appear before Family Court, and as modified the order is affirmed without costs.
Memorandum: Respondent father appeals from an order that, inter alia, awarded sole legal and physical custody of the subject child to petitioner mother, with visitation to the father. We agree with the father that Family Court erred in entering the order upon his default based on his failure to appear in court. The record establishes that the father "was represented by counsel, and we have previously determined that, [w]here a party fails to appear [in court on a scheduled date] but is represented by counsel, the order is not one entered upon the default of the aggrieved party and appeal is not precluded" (Matter of Abdo v Ahmed, 162 AD3d 1742, 1743 [4th Dept 2018] [internal quotation marks omitted]). We therefore modify the order accordingly.
Contrary to the father's further contention, however, "the court did not abuse its discretion in conducting the hearing in his absence inasmuch as he appeared by counsel and had notice of the hearing" (Matter of Williams v Richardson, 181 AD3d 1292, 1292 [4th Dept 2020], lv denied 36 NY3d 911 [2021]; see Matter of Triplett v Scott, 94 AD3d 1421, 1422 [4th Dept 2012]).
The father additionally contends that there is not a sound and substantial basis in the record to support the court's determinations regarding custody and visitation. We reject that contention. Although the court did not specify the factors it relied on in conducting its best interests analysis (see Matter of Howell v Lovell, 103 AD3d 1229, 1231 [4th Dept 2013]), "[o]ur authority in determinations of custody [and visitation] is as broad as that of Family Court . . . and where, as here, the record is sufficient for this Court to make a best interests determination . . . , we will do so in the interests of judicial economy and the well-being of the child" (Matter of Bryan K.B. v Destiny S.B., 43 AD3d 1448, 1450 [4th Dept 2007]; see Howell, 103 AD3d at 1231; see also Matter of Butler v Ewers, 78 AD3d 1667, 1667 [4th Dept 2010]; see generally Matter of Louise E. S. v W. Stephen S., 64 NY2d 946, 947 [1985]). Here, after reviewing the appropriate factors (see generally Fox v Fox, 177 AD2d 209, 210-211 [4th Dept 1992]), we conclude that the totality of the circumstances supports the court's determination that the subject child's best interests are served by awarding sole legal and physical custody to the mother and directing that the father have parenting time, including on alternating weekends (see Eschbach v Eschbach, 56 NY2d 167, 174 [1982]; Matter of Marino v Marino, 90 AD3d 1694, 1695 [4th Dept 2011]; see generally Abdo, 162 AD3d at 1743). We note that joint custody is inappropriate where, as here, " 'the parties have an acrimonious relationship and are unable to communicate [*2]with each other in a civil manner' " (Matter of Kleinbach v Cullerton, 151 AD3d 1686, 1687 [4th Dept 2017]; see Leonard v Leonard, 109 AD3d 126, 128 [4th Dept 2013]).
Finally, we reject the father's contention that the court improperly delegated to the mother its responsibility to set a visitation schedule (see Hendershot v Hendershot, 187 AD3d 1584, 1585-1586 [4th Dept 2020]; cf. Matter of Lakeya P. v Ajja M., 169 AD3d 1409, 1411 [4th Dept 2019], lv denied 33 NY3d 906 [2019]; Matter of Jeffrey T. v Julie B., 35 AD3d 1222, 1222 [4th Dept 2006]). Here, "the record establishes that [the schedule issued by the court] is the product of the court's careful weighing of [the] appropriate factors . . . , and it has a sound and substantial basis in the record" (Matter of Talbot v Edick, 159 AD3d 1406, 1407 [4th Dept 2018] [internal quotation marks omitted]; see Matter of Biernbaum v Burdick, 162 AD3d 1664, 1665 [4th Dept 2018]).
Entered: June 3, 2022
Ann Dillon Flynn
Clerk of the Court