Matter of Bailey v Bailey (2023 NY Slip Op 00780)

Matter of Bailey v Bailey

2023 NY Slip Op 00780

Decided on February 10, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 10, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CURRAN, MONTOUR, AND OGDEN, JJ.

986 CAF 21-01790

[*1]IN THE MATTER OF JAYTOYA ANN BAILEY, PETITIONER-RESPONDENT,
v
DONALD ALBERT BAILEY, RESPONDENT-APPELLANT. (APPEAL NO. 1.) 

CAITLIN M. CONNELLY, BUFFALO, FOR RESPONDENT-APPELLANT.
SUSAN E. GRAY, CANANDAIGUA, ATTORNEY FOR THE CHILDREN.

 Appeal from an order of the Family Court, Ontario County (Kristina Karle, J.), entered September 20, 2021 in a proceeding pursuant to Family Court Act article 8. The order, among other things, directed respondent to stay away from petitioner. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating that part stating that the order is entered upon the default of respondent, and as modified the order is affirmed without costs.
Memorandum: In these consolidated appeals arising from proceedings pursuant to article 6 and article 8 of the Family Court Act, respondent father appeals in appeal No. 1 from an order of protection directing that he have no contact with petitioner mother and the subject children for a period of two years. In appeal No. 2, the father appeals from an order that, inter alia, granted sole legal custody to the mother and suspended the father's visitation. Initially, we agree with the father in appeal No. 1 that Family Court erred in entering the order of protection upon his default based on his failure to appear in court. The record establishes that the father was represented by counsel, and we have previously determined that "[w]here a party fails to appear [in court on a scheduled date] but is represented by counsel, the order is not one entered upon the default of the aggrieved party and appeal is not precluded" (Matter of Abdo v Ahmed, 162 AD3d 1742, 1743 [4th Dept 2018] [internal quotation marks omitted]). We therefore modify the order accordingly.
The father failed to preserve for our review his contention in both appeals that the court erred in conducting part of the fact-finding hearing on the petitions in his absence (see Matter of Jaydalee P. [Codilee R.], 156 AD3d 1477, 1477 [4th Dept 2017], lv denied 31 NY3d 904 [2018]). In any event, we conclude that "the court did not abuse its discretion in conducting [that part of] the hearing in his absence inasmuch as he appeared by counsel and had notice of the hearing" (Matter of Williams v Richardson, 181 AD3d 1292, 1292 [4th Dept 2020], lv denied 36 NY3d 911 [2021]; see Matter of Triplett v Scott, 94 AD3d 1421, 1422 [4th Dept 2012]).
With respect to the merits on appeal No. 1, we agree with the father that "[the court] erred in issuing an order of protection without adhering to the procedural requirements of Family Court Act
§ 154-c (3) . . . , inasmuch as the court did not make a finding of fact that [the mother] was entitled to an order of protection based upon 'a judicial finding of fact, judicial acceptance of an admission by [the father] or judicial finding that the [father] has given knowing, intelligent and voluntary consent to its issuance' " (Matter of Hill v Trojnor, 137 AD3d 1671, 1672 [4th Dept 2016], quoting
§ 154-c [3] [ii]). Indeed, the court failed to specify which family offense the father committed. Nevertheless, "remittal is not necessary because the record is sufficient for this Court to conduct an independent review of the evidence" (Matter of Langdon v Langdon, 137 AD3d 1580, 1582 [*2][4th Dept 2016]; see Matter of Masciello v Masciello, 130 AD3d 626, 626 [2d Dept 2015]). Exercising our independent review power (see Matter of Telles v DeWind, 140 AD3d 1701, 1701 [4th Dept 2016]), we conclude that the record is sufficient to establish by a fair preponderance of the evidence that the father committed the family offenses of criminal obstruction of breathing or blood circulation (Penal Law § 121.11; see generally Matter of Rosa N. v Luis F., 166 AD3d 451, 452 [1st Dept 2018]) and stalking in the fourth degree (§ 120.45 [1]; see generally Matter of Cousineau v Ranieri, 185 AD3d 1421, 1422 [4th Dept 2020], lv denied 35 NY3d 917 [2020]), warranting the issuance of an order of protection against him (see Family Ct Act § 832).
In appeal No. 2, the father contends that there is not a sound and substantial basis in the record to support the court's determination to suspend his visitation. We reject that contention. Although the court did not specify the factors it relied on in conducting its best interests analysis (see Matter of Howell v Lovell, 103 AD3d 1229, 1231 [4th Dept 2013]), "[o]ur authority in determinations of custody [and visitation] is as broad as that of Family Court . . . and where, as here, the record is sufficient for this Court to make a best interests determination . . . , we will do so in the interests of judicial economy and the well-being of the child[ren]" (Matter of Bryan K.B. v Destiny S.B., 43 AD3d 1448, 1450 [4th Dept 2007]; see also Matter of Butler v Ewers, 78 AD3d 1667, 1667 [4th Dept 2010]; see generally Matter of Louise E. S. v W. Stephen S., 64 NY2d 946, 947 [1985]). Here, we conclude that the court properly suspended the father's visitation with the children (see generally Matter of Owens v Chamorro, 114 AD3d 1037, 1039-1040 [3d Dept 2014]). Although visitation with a noncustodial parent is presumed to be in a child's best interests (see Matter of Granger v Misercola, 21 NY3d 86, 92 [2013]), the mother rebutted that presumption inasmuch as she demonstrated by a preponderance of the evidence (see id.) that the children's "health and safety were compromised" while in the father's care (Matter of Jared MM. v Mark KK., 205 AD3d 1084, 1090 [3d Dept 2022]; see generally Domestic Relations Law § 240 [1]; Matter of Robert C. E. v Felicia N. F., 197 AD3d 100, 104 [4th Dept 2021], lv denied 37 NY3d 915 [2021]).
Entered: February 10, 2023
Ann Dillon Flynn
Clerk of the Court